# Brawn *versus* Keller.

*Possession must accompany Transfer of Personal Property.—Concurrent
Possession by Vendor and Vendee insufficient.*

1. Concurrent possession of personal property by the vendor and vendee
will not protect it from the creditors of the vendor.

2. Where the vendor and vendee were brothers-in-law, living in the same
house, on the lot on which the stable was built where a horse and wagon
sold by one to the other were kept and used after the sale as before, and
remained in the same stable until levied on by the vendor's creditors, it was
not error in the court, on the trial of an action of trespass for selling the pro-
perty, to instruct the jury that as the plaintiff had shown no change of pos-
session such as the law required, there could be no recovery, and that they
should find a verdict for the defendant.

ERROR to the Common Pleas of *Clinton county.*

This was an action of *replevin*, brought March 12th 1861, by
Reuben S. Brawn against Peter W. Keller, for a bay mare and
carriage of the value of $175.

[Brawn v. Keller.]

The mare and carriage in controversy were taken in execution as the property of William L. Hawkins, at the suit of Harvey, Best & Co., and sold by the sheriff to Keller, the defendant.

On the trial, the plaintiff, Brawn, proved the following facts:—
In the spring of 1860, Hawkins was indebted to him in the sum of $604.25, for which he held a note against him. In the winter of 1860, Hawkins became the owner of the mare and carriage in controversy, which, with other similar property, he kept in a stable belonging to Mr. Brawn, occupying it in common with him. On the 7th of December 1860, Hawkins sold the mare and carriage, with some other property, to Brawn, for $525, which was credited on the note. The property was not removed out of the stable, but delivery thereof was there made by Hawkins to Brawn, in the presence of a witness, by whom a bill of sale was written. Hawkins drove and rode the mare in question, purchased hay for her, and, with permission of Brawn, offered to sell her to several persons. In this condition of affairs, the levy and sale above mentioned were made.

The court below (LINN, P. J.) instructed the jury that, as the plaintiff had failed to show such a change of possession accompanying the sale from Hawkins to Brawn as was required to render the sale valid against creditors under the Statute of 13th Elizabeth, their verdict must be for the defendant; which was the error assigned here by the plaintiff.

*Mayer* and *Ball*, for plaintiff.—There was a subsisting indebtedness from Hawkins to Brawn at the time of the sale, which, under the evidence, was *bonâ fide*. If there were any doubt of this, the court were in error in withdrawing the case from the jury, and assuming that there was fraud in fact. If there was no doubt as to the *bona fides* of the sale, the delivery was as open and as notorious as possible under the circumstances, and was within the principle of McVicker *v.* May, 3 Barr 224; Hoofsmith *v.* Cope, 6 Wh. 53; Huger *v.* Robinson, 12 Harris 9; Dunlop *v.* Bournonville, 2 Casey 72.

*John H. Orvis* and *H. N. McAllister* cited and relied on Twyne's Case, 3 Coke 80; Edwards *v.* Harben, 2 T. Rep.; Wordall *v.* Smith, 1 Camp. 333; Meeker *v.* Wilson, 1 Gallison 419; Phetiplace *v.* Sayles, 4 Mason 312; Moore *v.* Ringgold, 3 Cranch C. C. 434; Travers *v.* Ramsey, Id. 354; Hamilton *v.* Franklin, 4 Id. 729; Gilman *v.* Herbert, 3 Id. 58. Same doctrine held in Kentucky, New York, Illinois, Alabama, Indiana, Virginia, New Hampshire, Delaware, and New Jersey. In Pennsylvania the same rule is held. See Wilt *v.* Franklin, 1 Binn. 502; Dawes *v.* Cope, 4 Id. 258; Clow *v.* Woods, 5 S. & R. 275;

Cunningham *v.* Neville, 10 Id. 201; Babb *v.* Clemson, 10 Id. 419; Shaw *v.* Levy, 17 Id. 99; Streeper *v.* Eckert, 2 Wh. 302; Hoffner *v.* Clark, 5 Wh. 545; Welch *v.* Cecky, 1 Penna. R.; Jenkins *v.* Eichelberger, 4 Watts 121; Carpenter *v.* Mayer, 5 Id. 483; Young *v.* McClure, 2 W. & S. 147; McBride *v.* McClelland, 6 Id. 94; Cadbury *v.* Nolan, 5 Barr 326; Hoofsmith *v.* Cope, 6 Wh. 53.

The opinion of the court was delivered, June 26th 1862, by

Strong, J.—In this state, ever since the case of Clow *v.* Woods, 5 S. & R. 245, it has been held that a voluntary sale of personal property, unaccompanied by an actual delivery of the possession to the vendee, is fraudulent and void as against creditors. This was the doctrine of Edwards *v.* Harben, 2 Term 587, and it is too well founded in reason ever to be shaken. The delivery which the law requires must be actual. A symbolical or a merely formal delivery will not answer: Babb *v.* Clemson, 10 S. & R. 419. Concurrent possession by the vendor and vendee is insufficient to protect the property from the creditors of the vendors. Retention of the possession not only tends to give false credit to the seller, but it is a sign of a secret trust in his favour. Such being the law, the plaintiff in this record had no case. It would have been error to submit to the jury to find whether there had not been a delivery of the property alleged to have been bought by him, for there was no evidence of any such change of the possession as is indispensable. The parties to the sale were brothers-in-law, living in the same house. Before the sale, the horses and carriages were kept in a stable on the lot where both parties lived, and they remained there until levied upon by the creditors of Hawkins. After the sale they were used by Hawkins as before, and attended to by him. He bought hay for the horses, and offered to sell them, with the permission of the vendee, and continued to exercise over them every conceivable act of ownership. His own testimony is, that it was part of the arrangement that he should take care of the horses and sell them if he could. In the face of these facts, a finding by a jury that there had been a real delivery would have been more than a finding without evidence; it would have been against evidence. The case is not better for the plaintiff in error because he and Hawkins lived together on the lot where the stable was. That fact could not dispense with an actual change of the possession. In Hoffner *v.* Clark, 5 Whart. 545, we have a case very similar to this. There the vendor and vendee were brothers living in the same house, and it was held that it furnished no ground for dispensing with such an actual change of the possession as to render it distinct and visible, so that it might become notorious. Nor is the rule

[Brawn v. Keller.]

different as laid down in McVicar v. May, 3 Barr 224. In that case there was an actual taking of possession by the vendee, and a removal of the property. So there was an actual delivery in Dunlop v. Bournonville, 2 Casey 72.

The judgment is affirmed.