# Evans *versus* Scott.

1. D. and H., who were brothers, lived together in the same house, D. being married, and H. a bachelor. The lease of the house was in D.'s name ; but H. paid the larger portion of the rent. All the furniture in the house belonged to H. except the carpets. They were bought by D. on credit, and when his note therefor matured, H. took it up, and the firm from which the carpets were bought, on the order of D., gave H. a bill for the carpets in his own name. In a feigned issue directed upon an execution issuing against D., H. claimed the carpets. The court below instructed the jury "that as matter of law under the evidence in the case, the title of H. to the carpets, though good as between him and D., was fraudulent as against the creditors of D." *Held*, that this was error.

2. The question should have been submitted to the jury whether the change of possession was actual and *bona fide*, not pretended, deceptive and collusive, and whether such change of possession was all that could be expected of the vendor, taking into view the character and situation of the property, and the relations of the parties.

3. McKibbin *v.* Martin, 14 P. F. Smith 352, followed.

February 13th 1879. Before SHARSWOOD, C. J., GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ. MERCUR, J., absent.

[Evans v. Scott.]

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of July Term 1876, No. 103.

Feigned issue to try the ownership of certain household goods and furniture levied upon by Alexander Scott, as the property of David Evans, and claimed by Henry W. Evans.

The facts are stated in the opinion of this court. The case was tried before Allison, P. J., March 21st 1876.

*F. F. Brightly*, for plaintiff in error.—The case should have been left to the jury to determine whether there had been such a transfer of possession as the property was capable of: Sheldon v. Sharpless, 33 Leg. Int. 109; Seeds v. Kahler, 26 P. F. Smith 262; Benford v. Schell, 5 Id. 393; Chase v. Ralston, 6 Casey 539; Long v. Knapp, 4 P. F. Smith 514.

*R. Alexander*, for defendant in error.—There is nothing in the nature of the property in question to prevent actual delivery. It was decided in Steelwagon v. Jeffries, 8 Wright 407, that household goods in a private house were capable of actual delivery. And this case was cited and approved by SHARSWOOD, J., in McKibben v. Martin, 14 P. F. Smith 352. The carpets could easily have been taken up and removed. There is nothing in the relation of the parties, or in the fact that the claimant lived in the same house with the defendant in the execution which dispenses with the necessity of actual delivery and change of possession: Hoffner v. Clark, 5 Whart. 544; Stiles v. Shumway, 16 Vt. 435; Steelwagon v. Jeffries, 8 Wright 407.

In every case, if possible, the delivery must be actual, and a mere formal and constructive delivery will not defeat an execution, " and when such delivery does not attend the sale, it is fraudulent *per se*, and the court is bound to tell the jury so:" Barr v. Reitz, 3 P. F. Smith 256; Chase v. Ralston et al., 6 Casey 539; McKibbin v. Martin, 14 P. F. Smith 352.

Mr. Justice PAXSON delivered the opinion of the court, March 3d 1879.

This was a feigned issue to test the ownership of certain household goods and furniture levied upon by the defendant in error, as the property of David Evans, and claimed by Henry W. Evans, the plaintiff in error, as belonging to him. There was no allegation of a fraud in fact, but the learned court below instructed the jury that as to a portion of the property levied upon, viz. : the carpets, there was a fraud in law, and directed a verdict for the defendant as to them.

The essential facts upon which the learned judge based his rulings are as follows: The plaintiff, Henry W. Evans, and the defendant in the execution, David Evans, are brothers, and at the time of the levy lived together at the house No. 1917 Columbia

avenue. David was married, Henry was a bachelor. The lease of the house was in David's name, but Henry paid the larger portion of the rent. All of the furniture in the house belonged to Henry, except the carpets, and the jury so found. It appeared in regard to them that they were originally bought by David of Snyder & Co., on a credit, and laid down on the floors of said house. When the bill matured he was unable to pay it and gave his note for the amount. When the note became due it was taken up by the plaintiff who paid Snyder & Co. part thereof in cash, part in an order, and gave his judgment-note for the balance, which was subsequently paid by him. At the same time Snyder & Co. delivered to the plaintiff, on the order of David Evans, a bill of sale of said carpets in plaintiff's own name.

The learned judge charged the jury "that as a matter of law under the evidence in this case, the title of Henry W. Evans to the carpets, though good as between him and David Evans, was fraudulent as against the creditors of David Evans." This instruction was assigned for error.

There was a time when this ruling might not have been error. It could have been sustained under the earlier cases of Clow *v.* Woods, 5 S. & R. 275; Babb *v.* Clemson, 10 Id. 419; Hoffner *v.* Clark, 5 Whart. 545; Brawn *v.* Keller, 7 Wright 104; Steelwagon *v.* Jeffries, 8 Id. 407.

But there is a line of authorities which to some extent has modified the doctrine of those cases. See McVicker *v.* May, 3 Barr 224; Forsyth *v.* Matthews, 2 Harris 100; Hughes *v.* Robinson, 12 Id. 9; Dunlap *v.* Bournonville, 2 Casey 72; Billingsley *v.* White, 9 P. F. Smith 464. I need not discuss these cases. They were carefully reviewed by the present chief justice in McKibbin *v.* Martin, 14 P. F. Smith 352, who, while he approved them somewhat regretfully, nevertheless conceded their binding force. In McKibbin *v.* Martin there had been a sale of the lease, good-will, fixtures and furniture of a large hotel by the McKibbins to their father, who at the time lived with them at the hotel. The vendors remained in the hotel after the sale and superintended the business for which they received a salary from their father. It was held that "where there has been a sufficient delivery, actual or constructive, and the vendee is in possession, the fact that the vendor is employed about the establishment in a capacity holding out no *indicia* of ownership, is not such a concurrent ownership as the law condemns, and the question is for the jury." We think the case in hand is ruled by McKibbin *v.* Martin, and the line of cases of which it forms a part. The house in which the carpets were put down was in the joint occupancy of the two brothers. It was the home of each, and each contributed to the payment of the rent. Was there a sufficient change of possession? It is manifest there could have been no actual change of possession unless one of the brothers, had

[Evans v. Scott.]

left his home and gone to reside elsewhere. Was it necessary that one should turn the other out of doors? It was said in McVicker v. May, 3 Barr 324, that it was not necessary for a son to turn his father out under such circumstances. There are many instances in which from the necessity of the case there can only be a constructive delivery of possession. In such cases the jury must decide whether there is fraud in fact, under proper instructions from the court. We think the learned judge fell into error when he instructed the jury that this transaction was a legal fraud. The question should have been submitted to them whether the change of possession was actual and bona fide—not pretended, deceptive and collusive; and whether such change of possession was all that could reasonably be expected of the vendor, taking into view the character and situation of the property, and the relations of the parties.

Judgment reversed, and a *venire facias de novo* awarded.