## Margaret C. Hill *v.* The Leibig Manufacturing Company, Appellant.

*Conditions precedent to a valid sale of personalty as against creditors.*

Good faith, honesty of purpose; a valid and adequate consideration; an absolute unconditional sale; actual, visible, manual delivery, or, in its absence, such change of possession as the character of the property and the nature of the transaction, the position of the parties and the intended sale of the property admit of; continuous possession by vendee,—these are the essential prerequisites which must enter into and proceed from the transaction to make a sale of personal property valid as against creditors in Pennsylvania.

*Sale—Fraud—Bona fides—Change of possession—Question for jury.*

The general rule as to fraud in delivery of personalty is recognized as laid down in Clow v. Woods, as also are the exceptions thereto clearly indicated in that case by GIBSON, C. J.: Weller v. Meeder, 2 Pa. Superior Ct. 488.

Where the facts of a case are such as to bring it within this universally recognized exception it is proper to leave to the jury to find from the evidence whether the sale was in good faith or colorable, and whether the change of possession was all that could be reasonably expected of the vendor, taking into view the character and situation of the property and the relation of the parties.

*Evidence—Feigned issue—Husband and wife—Interest—Competency of wife.*

In an interpleader proceeding between the creditor and alleged vendee of the defendant in the execution, the debtor has not such interest in the result of the issue as would exclude the testimony of his wife.

Argued Nov. 14, 1896. Appeal, No. 147, Nov. T., 1896, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1896, No. 82, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Interpleader on claim to property levied upon by sheriff. Before LIVINGSTON, P. J.

From the evidence it appeared that Eber E. Hilton, the defendant in the execution, and his wife, lived with his mother-in-law, the claimant in the interpleader, on a farm. Of this farm Hilton owned sixty-one acres and Margaret C. Hill, the claimant, owned one hundred and seventy-one acres, with the buildings. Hilton farmed his mother-in-law's farm on shares and was the owner of certain personal property used on the farm.

On February 15, 1895, he executed a judgment bond to the defendant in the interpleader on which execution was issued June 15, 1896. On January 25, 1895, Margaret Hill paid a debt of Eber E. Hilton, and at the same time he executed to her the following bill of sale : " January 25, 1895. This is to certify that I, Eber E. Hilton, do set over unto Margaret C. Hill to have and to hold all personal property heretofore claimed and owned by the said Eber E. Hilton on the premises of the said Margaret C. Hill. (Signed) Eber E. Hilton. Witness, A. Belle Hilton."

After the bill of sale was made, Hilton continued to reside

on his mother-in-law's farm and to do work thereon as an occasional hireling, but his brother William Hilton was employed to manage the farm.   There was no evidence that Margaret C. Hill had told anyone outside of the family of the transfer to her of the title to the personal property.   At the trial evidence was admitted, under objection, of the money borrowed by claimant to pay the debt of Hilton and of the payment of the debt which amounted to $500.

The court admitted, under objection, the testimony of the wife of Hilton as to the sale and transfer of property.

The court left to the jury the question of the bona fides of the sale and whether the change of possession was all that could be reasonably expected of vendor, taking into view the character and situation of the property and the relation of the parties. [7–17]

Verdict for plaintiff.   Defendant appealed.

*Errors assigned* were, (1–6) admission of evidence, in support of the condition set out in statement of facts, and tending to show the bona fides of the transaction and the consideration therefor; (7–17) instructions of the court to the jury in the general charge and in answers to the points on the questions of good faith and sufficiency of delivery of possession.

*J. W. Johnson*, for appellants.—The case was tried below on the assumption that the law applicable thereto was correctly stated in Barr v. Reitz, 53 Pa. 256.   The burden of proving the delivery lies on the purchaser, who must establish his possession by sufficient evidence.   And that as stated in Stephens v. Gifford, 137 Pa. 219.

As to the admission of the wife's testimony, see Pleasanton v. Nutt, 115 Pa. 266.

As to the question of delivery of possession, cited Crawford v. Davis, 99 Pa. 576; Brawn v. Keller, 43 Pa. 104; McKibbin v. Martin, 64 Pa. 352; Stephens v. Gifford, 137 Pa. 219.

*J. Hay Brown*, with him *W. U. Hensel*, for appellee.—The case was properly tried below and the question of bona fides and sufficiency of the delivery under the circumstances left to the jury: Evans v. Scott, 89 Pa. 136; McKibben v. Martin, 64

Pa. 352; McVicker v. May, 3 Pa. 224; Crawford v. Davis, 99 Pa. 576; Renninger v. Spatz, 128 Pa. 524.

OPINION BY BEAVER, J., January 18, 1897:

In order to make a sale of personal property valid as against creditors of the vendor in Pennsylvania, there must enter into and proceed from the transaction, first, good faith—honesty of purpose; second, a valid and adequate consideration; third, an absolute and unconditional sale; fourth, actual, visible, manual delivery, or, in its absence, fifth, such a change of possession as the character of the property, the nature of the transaction, the position of the parties and the intended sale of the property make possible; sixth, continuous possession. All of these elements can be legitimately found in the evidence offered in the present case. As to the most of them there was practically no dispute. That which the appellant alleges to be wanting is a sufficiency in the change of possession or such a delivery as meets legal requirements. The title to the property in question was raised by a feigned issue under the Sheriff's Interpleader Act between two creditors of a common debtor. The plaintiff claimed by virtue of a sale by the debtor and the defendant corporation by virtue of a levy made by the sheriff upon an execution issued by it. It is very clear that the debtor had no interest in the contest in any event, nor could he by any possibility derive any benefit from the result of the issue. His wife was, therefore, a competent witness. The testimony embraced in the bills of exceptions contained in the first, second, fourth, fifth and sixth assignments of error was all competent evidence, bearing directly upon the *bona fides* of the transaction and the consideration therefor. That the remark of the trial judge in the court below complained of in the seventh assignment of errors, was correct is found in the fact that the defendant at the trial voluntarily surrendered at least the one half of the articles levied upon. The slip of the trial judge in using the words "judgment note" instead of promissory note, as complained of in the eighth assignment of error, did the defendant no harm. The obligation was practically the same.

All the remaining assignments of error relate to the charge of the court, and its answer to points presented by the defendant. The appellant alleges that his first and second points

were framed in the exact words, or taken substantially from the case of Brawn v. Keller, 43 Pa. 104. This is doubtless true, but a sufficient answer is found in the fact that the court answered them in substantially the language employed by the Supreme Court in Evans v. Scott, 89 Pa. 136, Crawford v. Davis, 99 Pa. 576, Renninger v. Spatz, 128 Pa. 524, in which the facts more nearly resemble those in the present case.

It is not necessary for us to enter into a discussion of the law of Pennsylvania upon this subject. We have lately discussed it very fully in Weller v. Meeder, 2 Pa. Superior Ct. 488. It is not the intention of this court to depart by a hair's breadth from what has been erroneously called the iron rule of the recognized leading case upon this subject in Pennsylvania,—Clow v. Woods, 5 S. & R. 275. The exceptions to the rule were clearly indicated by Chief Justice GIBSON, when he said : " The inclination of my mind is to give the statute (13 Eliz.) a liberal, perhaps an enlarged, construction, by putting the rule requiring a change of possession on grounds of public policy, and confining its exceptions to those cases where, from the very nature of the transaction, possession either could not be delivered at all, or at least without defeating fair and honest objects intended to be effected by, and which constituted the motive for entering into the contract." We think the facts in this case bring it within the exception which has been universally recognized by our appellate courts, and are of the opinion, as expressed by the Supreme Court in Renninger v. Spatz, supra, " that the learned judge did not err in refusing to hold as matter of law that the delivery of possession was insufficient. It was for the jury to find from the evidence whether the sale was in good faith or colorable, and whether the change of possession was all that could reasonably be expected of the vendor, taking into view the character and situation of the property and the relation of the parties." This identical language was used, so far as it was applicable, by the trial judge in the court below, and is assigned for error. This is a case in which the language was strictly applicable. All the elements of a valid sale by Hilton to the plaintiff below being contained in the evidence, and being practically undisputed or found by the jury, to whom they were properly submitted, the judgment should be and is hereby affirmed.