## In re IRWIN.

(District Court, W. D. Pennsylvania.   October 7, 1920.)

No. 9477.

**Bankruptcy ⬤⟞184 (1)—Sale of property by bankrupt, without change of possession, invalid.**

Under the law of Pennsylvania, the sale by a dealer in automobiles in that state of an automobile then in his showroom to a purchaser in New York, to whom he gave a bill of sale and storage receipt, where the car remained in his possession, without anything indicating change of ownership, until his bankruptcy, *held* invalid as against his trustee.

In Bankruptcy.   In the matter of Perry Anderson Irwin, bankrupt. On review of order of referee.   Affirmed.

Gunnison, Fish, Gifford & Chapin, of Erie, Pa., for petitioner.

ORR, District Judge.   The certified question in this case is raised upon the following facts:

Perry Anderson Irwin, the bankrupt, was a dealer in automobiles in the city of Erie at the beginning of the year 1920.   In January or February he purchased from the manufacturers one Columbia Sedan, model C 5, No. 1,321,551.   On March 4, 1920, being in need of money, he went to Rochester, N. Y., with the invoice he had received for the car, and entered into an arrangement with the Transportation Finance Company, a corporation of the state of New York, having its principal office in that city.   He then and there executed and delivered to said corporation a bill of sale for said car, and entered into a certain lease agreement, wherein he was named as the lessee and said corporation was named as the dealer or lessor, by the terms of which it appears that said corporation leased said car to him for a rental of $2,137, of which $427 was paid on the execution of the lease, and the balance, $1,710, became due and payable by the bankrupt June 4, 1920.   At the same time and place said bankrupt gave a storage receipt to said corporation, acknowledging the payment of $1 for the storage of said car for three months, with the agreement that the same should be kept within the showroom of the building at No. 1915 State street, Erie, Pa.   At the same time and place the said bankrupt gave his judgment note to the order of said corporation for the payment of said $1,710 in three months from said date; that being the deferred payment expressed in the contract of lease.   In the lease, as in the storage receipt, the bankrupt's place of business is stated to be at No. 1915 State street, Erie, Pa.

At the time of the execution of these papers in the city of Rochester, the said car was in said place of business of the bankrupt, where it remained until after the trustee in bankruptcy had duly qualified. From the time of the receipt of the automobile from the factory until the appointment of the receiver, the said automobile remained in the custody of the bankrupt.   It was included among his assets in the schedules filed.   Relying upon the transactions which took place in

the city of Rochester, the said corporation presented its petition to the referee, claiming title to the car, and seeking an order for its delivery to the petitioner. The referee held that the claim should not be allowed, and, upon exception to his ruling, certified a question to this court.

Once more we have in this court for consideration the law of Pennsylvania relating to a sale of personal property, where there has been no actual or symbolical delivery of possession. Notwithstanding repeated decisions that, in Pennsylvania, delivery of possession of personal property is indispensable to transfer a title by the act of the owner *which shall be valid against creditors,* claim after claim is presented in bankruptcy proceedings for the recovery of personal property, in which the claimant claims title to the personal property of which the bankrupt had a sole, continuous possession from the time he had purchased the property from a manufacturer or jobber.

We are not now dealing with a contract of bailment, where possession has taken place in pursuance of the contract, nor are we dealing with a contract of conditional sale entered into in compliance with the provisions of the Conditional Sales Act of Pennsylvania. We are dealing with what has ever been condemned in Pennsylvania, to wit, the retention of possession of personal property by the seller and the rights of creditors of the seller with respect to such property. The reason, perhaps, why the question is so often pressed in the court, is because many of the claimants are from other states, where a doctrine prevails different from that in Pennsylvania.

The curious may find in the fifth English edition of Benjamin on Sales, at the bottom of page 498, the statement:

"The English doctrine is now also established in Virginia, West Virginia, Massachusetts, New Jersey, North and South Carolina, Rhode Island, and several other states, while in Pennsylvania, Maine, Connecticut, New Hampshire, Vermont, Illinois, and others, the retention of possession is treated as per se fraudulent. In New York and in many of the other states, the matter is regulated by statute," etc.

By the English doctrine, of course, is meant that the question of whether there is fraud in the retention of possession is one of fact for a jury. It is probable that many of the states have had occasion to change the law since that edition was printed in 1906, but the law in Pennsylvania has never been changed.

The referee has well stated the law, as determined by the courts of Pennsylvania, in the following language:

"The necessity of delivery of possession to give good title to personal property was fully set forth in Clow v. Woods, 5 S. & R. 275, 9 Am. Dec. 346, which was cited by Justice Sharswood in McKibbin v. Martin, 64 Pa. 352, 3 Am. Dec. 588, to be 'the Magna Charta of our law on the subject,' and in Jenkins v. Eichelberger, 4 Watts, 121, 28 Am. Dec. 691, Chief Justice Gibson said: 'To tolerate a lien severed from the possession by any device whatever would be pregnant with all the mischiefs of colorable ownership, and to sanction it at the expense of the community would be justified but by the accomplishment of more important objects than individual accommodations.' "

"While the rigor of the rule has been somewhat abated under certain circumstances, yet the rule still obtains, and when property which can be easily delivered has never been in the custody or even in the state with the one claim-

ing ownership, the courts will not recognize his right as against creditors of the alleged vendor, when they have absolutely no notice, or anything to put them upon inquiry, as to any other party claiming the property."

"While this transaction would be deemed valid between the parties, yet it is not good between the creditors of the bankrupt, and especially since he was heavily in debt when the alleged transfer was made. It has been repeatedly held by the courts that 'a sale of personal property, leaving the vendor in possession and without doing anything to indicate a change of ownership, is fraudulent as against creditors.'"

"As before said, while the rigor of the rule has been somewhat relaxed, yet the rule is still the law of the state. It is true now, as it was when the rule was announced in Clow v. Woods nearly a century ago, that if a purchaser pays the price for goods purchased by him, without taking possession of them, he takes the risk of the integrity and solvency of his vendor, when the rights of a subsequent bona fide purchaser or an execution creditor arise. Stevens v. Gifford, 137 Pa. 219, 20 Atl. 542, 21 Am. St. Rep. 868; White v. Gunn, 205 Pa. 229, 54 Atl. 901."

The federal courts necessarily adopt the views of the state court with respect to title to personal property. In Re Arcade Drug Co., 263 Fed. 681, the Court of Appeals for the Third Circuit considers the question and adopts the rule with respect to the required delivery of possession in sales of personalty in Pennsylvania. The syllabus to that case is applicable to the facts in the case at bar:

"Where the real purpose of a transaction, in form an absolute transfer by a drug company of a soda fountain with a lease back, was to give the lessor security for her alleged loan, on property which the debtor drug company still held in possession and never delivered, the lessor had no rights in the property as against the drug company's trustee in bankruptcy."

The learned counsel for the claimant admits the general rule to be as declared by the referee in his opinion, but insists that it is not inflexible, and cites a line of cases which, it is contended, show that the rule has been relaxed. An examination of those cases shows that they do not change the requirement that the vendee must take possession, but rather that they show that there is no "unbending test of the sufficiency of delivery and the retention of possession to be applied to all cases." This distinction and the last quotation is found in the opinion of the court in the case of White v. Gunn, 205 Pa. 229, 54 Atl. 901. No case has been pointed out to us where there has been a valid sale of personal property in Pennsylvania without a delivery, either actual or symbolic. Often it has been necessary to submit the question to a jury as to whether there was a delivery or not. Often it is difficult to determine whether the visible relation between an owner and his goods has been broken.

The case of Evans v. Scott, 89 Pa. 136, may be referred to as an interesting case, because it illustrates a difficulty which often arises by reason of the relation of the parties, as well as their relation to the property and its location, in determining whether or not there has been a sufficient taking of possession to protect the purchaser. It appears in that case that two brothers lived together in the same house. One owned all the furniture; the other bought a carpet on credit, which was laid in the house. When the credit expired, he did not pay for it. The other then went to the seller, paid the price, and had a bill of sale made to himself. The transaction was held to be valid, and the taking

of possession by the brother, who paid for the carpet, was sufficient. Clearly he should not have been deprived of the carpet by the creditors' of his brother, just because his brother occupied the same house with him.

Renninger v. Spatz, 128 Pa. 524, 18 Atl. 405, 15 Am. St. Rep. 692, is another case upon which counsel for exceptant relies. In that case, the property of a husband was purchased at a sale of a farm and the personal property located thereon. The vendee leased the property to the wife of the vendor, and sold to her the furniture which he had bought. The wife could not be deprived of the furniture at the suit of the husband's creditors, just because the property remained in the same place, and because the relationship between her and her husband continued to exist. There was such delivery, and she had taken such possession as, under all the circumstances, could be reasonably expected, in view of the relationship to the property and to each other.

A vendee of the entire stock of goods in a store is not required to remove the goods in order to take possession of them. His taking possession of the store with the goods therein is its equivalent. Symbolic delivery, by the transfer of a bill of lading or warehouse receipt, or by tagging ponderous machinery with the name of the vendee, is a sufficient taking of possession. In all the Pennsylvania cases there must be such a delivery to the purchaser, and such a taking of possession by him, as the circumstances of the case may require, in lieu of manual delivery and receipt. There is no reason why a different rule should be applied to an automobile than may be applied to any other movable chattel. Nothing is much more capable of being moved for delivery and receipt than an automobile.

We are satisfied that the decision of the referee should be sustained, the exceptions to his findings overruled, and the petition of the claimant dismissed.