# Crawford *versus* Davis.

1. As a general rule, a sale of personal property is not good against the creditors of the vendor, unless possession be delivered by the vendor in accordance with the sale. In determining the kind of possession necessary to be given, regard must be had not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property. No such change of possession as will defeat the fair and honest object of the parties is required.

2. A change in the location of the property is not always essential to protect the property against the creditors of the vendor. If the purchase was in good faith, and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and the vendee assumed such control of the property, as to reasonably indicate a change of ownership, the delivery of possession cannot, as matter of law, be held insufficient. The case should under such circumstances, go to the jury to find whether the sale was in good faith or merely colorable.

3. A., an old man, was indebted to his son B., with whom he resided on a farm, which he held under a parol lease. By reason of infirmities and poverty, A. was unable to carry on the farm. He therefore sold and

[Crawford v. Davis.]

transferred to his son B., all the property on the farm, including certain cattle, in consideration of the latter agreeing to support his father and mother, and to pay the rent. In pursuance of this agreement, B. took charge of the farm, bought and put additional stock on it, hired labor to care for it, paid the rent and supported his father and mother. Both A. and B. continued to live in the same house, but A. did no work about the farm. In a contest between execution creditors of A. and B. as to the ownership of the cattle sold by A. to B.,—*Held*, that under the circumstances it was for the jury to find whether the sale was in good faith or merely colorable.

February 7th 1882. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Error to the Court of Common Pleas of *Chester county :* Of July Term 1882, No. 19.

This was a feigned issue under the sheriff's interpleader Act, between William Crawford, plaintiff, and William H. Davis, defendant, to determine the title to certain cattle, which had been taken in execution as the property of Robert Crawford, under a judgment held by said Davis against Robert Crawford, and were claimed by William Crawford, son of Robert Crawford, the plaintiff in the issue.

On the trial, before Futhey, P. J., it was shown that the cattle in question had belonged to Robert Crawford, who made an assignment for the benefit of creditors, and under a reservation therein of property to the value of $300, said cattle were appraised and set aside to him. These cattle were subsequently levied on under the above-mentioned execution, as his property.

The evidence on behalf of the plaintiff was, that soon after the assignment and appraisement, and before the levy, Robert Crawford, father of the plaintiff, being 76 years of age and infirm, made an agreement with plaintiff, whereby in consideration of plaintiff maintaining him and his wife, and paying the rent of the farm on which they all resided together, the said cattle and property, which had been set aside to Robert Crawford as aforesaid, were sold and transferred by him to plaintiff; that Robert Crawford at that time owed plaintiff about $1600; and that plaintiff accepted the proposition, and carried out the bargain, worked the farm as his own, bought stock, in his own name, employed labor, paid rent, and maintained his father until his death, and still maintains his mother.

Plaintiff requested the court to charge, " that if the jury believe that Robert Crawford sold the property . . . . to William Crawford, there is sufficient evidence of delivery." The court refused so to charge and said : " There was no change of possession of the property, as far as I remember the evidence. It remained upon the farm after the alleged transfer of title precisely as it did before, and I therefore say to you that there is

[Crawford *v.* Davis.]

not such evidence in the case of a change of possession as the law requires, in order to protect such property from being levied upon to pay the debt of the person who had owned the property before the alleged transfer of ownership mas made. . . . Your verdict will be in favor of the defendant."

Verdict, accordingly, for the defendant, and judgment thereon. The plaintiff took this writ of error, assigning for error the refusal of his point, the withdrawal of the case from the jury, and the direction to find for the defendant.

*Sidwell* (*Johnson* with him), for plaintiff in error.—The delivery of possession was as complete as the subject of the transaction and the circumstances of the parties would admit of. This is all that the law requires to validate the transfer as against creditors of the vendor. The evidence of such transfer and delivery was ample to take the case to the jury on the question of delivery and good faith : Dunlap *v.* Bournonville, 2 Casey 72 ; Hugus *v.* Robinson, 12 Harris 9 ; Babb *v.* Clemson, 12 S. & R. 328 ; Chase *v.* Ralston, 6 Casey 539 ; McVicker *v.* May, 3 Barr 227 ; Billingsley *v.* White, 9 P. F. Smith, 464 ; McKibbin *v.* Martin, 14 P. F. Smith, 352 ; Evans *v.* Scott, 8 Norris 136 ; Born *v.* Shaw, 5 Casey 288.

*Charles H. Pennypacker*, for defendant in error.—The concurrent possession which existed before the alleged arrangement continued to exist in the same manner afterwards. There was no evidence of any *change* of possession, hence there was nothing to submit to the jury, and the authorities cited have no application.

Mr. Justice MERCUR delivered the opinion of the court, October 2nd 1882.

The general rule is, that a sale of personal property is not good against the creditors of the vendor, unless posssession be delivered by the vendor in accordance with the sale. In determining the kind of possession necessary to be given, regard must be had not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property. No such change of possession as will defeat the fair and honest object of the parties, is required. Thus where two brothers engaged in the business of manufacturing coaches, became embarrassed, and sold their stock in trade to a third brother, who had been about the establishment before the sale, and who went into possession, continued the business at the same place, changed the sign to his own name, procured another bookkeeper and opened new books : but both

[Crawford v. Davis.]

the vendors remained in his employ, each of them superintending a particular department of the work at stipulated wages, it was held there was not such a want of corresponding change of possession, as matter of law, to make the sale void against creditors of the vendor: Dunlap v. Bournonville, 2 Casey 72. The same principle is recognized in Born v. Shaw, 5 Id. 288; McKibbin v. Martin, 14 P. F. Smith 352; Evans v. Scott, 8 Norris 136; Pearson v. Carter, 13 Id. 156.

Evidence was given in the present case, tending to prove the vendor to have been an aged and infirm man, residing on a farm under a parol lease, and his son, the plaintiff, resided with him; by reason of infirmities and poverty the father was unable to carry on the farm, he therefore sold and transferred the property now in contention to his son, the plaintiff, in consideration of the latter agreeing to support his father and mother, and pay the rent of the farm: that in pursuance of the agreement, plaintiff took charge of the farm, bought and put additional stock on it, using the whole, paid the rent, put a man in the farm-house to work the farm for him, while he was at work on the railroad, but he returned home nights; employed and paid for the labor on the farm, supported his father and mother until the death of the former, and still supports his mother; that after his purchase his father gave no attention to the farm, but it was worked, managed and controlled exclusively by the plaintiff. As the father and son continued to live after the transfer of the property in the same house in which they had previously resided, and the property in question remained on the farm, the learned judge charged, as matter of law, that was not such a change of possession as the law required to protect the property from sale by a creditor of the vendor. In this he erred. A change of location of the property is not essentially necessary. If the purchase was in good faith, and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and the vendee assumed such control of the property as to reasonably indicate a change of ownership, the delivery of possession cannot, as matter of law, be held insufficient. The case should be sent to the jury to find whether the sale was in good faith, or merely colorable.

In view of the language of the first point submitted by the plaintiff, we cannot say the learned judge erred in not affirming it. The remaining assignments are sustained.

Judgment reversed, and a venire facias de novo awarded.