## JOHN McGUIRE v. JOHN H. JAMES.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY.

Argued April 13, 1891—Decided October 5, 1891.

(*a*) The plaintiff in replevin showed that in 1882 he bought the mare in dispute in good faith from his step-father, with whom he then and afterwards made his home; that from his earnings he afterwards paid for the mare, paid for her keep, and had used her as he had need to until 1888, when she was sold to defendant at constable's sale on a judgment against his step-father:

1. Whether there was, in fact, such a change of ownership and possession as under the circumstances could reasonably be expected, in view of the character and situation of the property and the relations of the parties, was a question of fact under the evidence for the jury: Evans v. Scott, 89 Pa. 136; Crawford v. Davis, 99 Pa. 576; Renninger v. Spatz, 128 Pa. 524.

2. If the purchase was in good faith, for a valuable consideration, followed by acts intented to transfer the possession as well as the title, and the vendee assumed such control as reasonably to indicate a change of ownership, the delivery cannot be held insufficient, as a matter of law, especially in the absence of evidence that the vendor was indebted at the time of the sale.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 43 January Term 1891, Sup. Ct.; court below, No. 288 May Term 1888, C. P.

On April 5, 1888, John McGuire brought ·replevin against

John H. James, for a bay mare of the value of two hundred dollars. The defendant gave bond, was permitted to retain the mare, and pleaded non-cepit and property.

At the trial, on January 17, 1890, the plaintiff introduced testimony to show that, in 1882, he bought two colts, one of which was the mare in suit, from his step-father Patrick Fox; that at that time and afterwards, being over twenty-one years of age, he was employed on a railroad but made his home with his said step-father, paid his board, and assisted to support the family; that he had paid for the colts in full out of his earnings, paid for their keeping, and used them as his own when he had occasion to do so, until on March 5, 1888, the mare in suit was sold at constable's sale to the defendant, after notice in writing that she was the plaintiff's property. The plaintiff's case did not disclose when the judgment against Patrick Fox was entered, nor when the indebtedness for which it was obtained arose.

At the close of the plaintiff's testimony, the court, WOOD-WARD, J., being of the opinion that there was not a sufficient change of possession, in regard to the property, to make a valid sale as against a creditor who had obtained a judgment, made a levy, and obtained a title by a sale thereunder, on motion entered a judgment of nonsuit, with leave, etc. A rule to show cause why the nonsuit should not be taken off having been argued, the court, WOODWARD, J., on November 1, 1890, citing Crowley v. Irvin, 1 Penny. 227, entered an order discharging said rule; exception. Thereupon, the plaintiff took this appeal, assigning the orders entering the judgment and discharging said rule for error.

*Mr. W. H. Hines*, for the appellant.

Counsel cited: Cessna v. Nimick, 113 Pa. 82; Haynes v. Hunsicker, 26 Pa. 58; Chase v. Ralston, 30 Pa. 539; Billingsley v. White, 59 Pa. 464; Crawford v. Davis, 99 Pa. 576; Evans v. Scott, 89 Pa. 136; McKibbin v. Martin, 64 Pa. 352; Pearson v. Carter, 94 Pa. 156; Dunlap v. Bournonville, 26 Pa. 72; McMarlan v. English, 74 Pa. 299; Witzman v. Simpson, 1 W. N. 554; Forsyth v. Matthews, 14 Pa. 100; Barr v. Boyles, 96 Pa. 31; Rothermel v. Marr, 98 Pa. 285: Smith v. Crisman, 91 Pa. 428.

Opinion of the Court.

*Mr. John M. Garman* (with him *Mr. Harry Hakes*), for the appellee.

Counsel cited: Buckley v. Duff, 114 Pa. 596; Crowley v. Irvin, 1 Penny. 227.

OPINION, MR. JUSTICE STERRETT:

In this action of replevin for a bay mare, valued at two hundred dollars, the defendant gave bond to the sheriff, and retained the property. On the trial, testimony was introduced by the plaintiff for the purpose of showing that in 1882 he in good faith bought two colts, one of which is the mare in controversy, from his step-father, Patrick Fox, in whose family he then and afterwards made his home; that he took charge of the colts, provided or paid for their feed, used them when he had occasion to do so, and continued to own, keep, and exercise the usual acts of ownership over them until March, 1888, when they were seized and sold by the constable on an execution against said Patrick Fox; and that the one in controversy was bought and taken possession of by the defendant, after notice, duly given at said sale, that it belonged to plaintiff. The testimony also tended to prove that the plaintiff, then a single man about twenty-one years of age, was at first employed as brakeman and afterwards conductor on the railroad, at good wages, and regularly contributed to the support of his step-father's family, in which he had his home when not on duty; and that, from time to time, he made payments on account of the colts, until they were fully paid for. It does not appear from the testimony whether Patrick Fox was or was not indebted at the time of the alleged purchase, nor when the debt represented by the constable's execution was contracted. It is alleged by the appellee that it was contracted as early as 1877, but of that there is no evidence.

When the plaintiff rested, the defendant moved for a compulsory nonsuit, "because the evidence shows that the sale as between McGuire and Fox was fraudulent in law per se. If so, the constable's sale by a creditor was lawful, and the purchase by Mr. James gave him a good title and replevin cannot be maintained." The trial judge, being of opinion "that there was not a sufficient change of possession, in regard to this property, to make a valid sale," granted the motion, and

Opinion of the Court.

afterwards refused to take off the nonsuit. The sole question is whether the court erred in that refusal. In passing upon that question, the judgment of nonsuit must be regarded as in the nature of a demurrer to the plaintiff's evidence. He is entitled to the benefit of every fact and inference of fact that a jury might reasonably find and draw from the testimony before them. If the facts which might thus have been determined by them would not, in law, justify a verdict in plaintiff's favor, the judgment of nonsuit should be sustained.

The alleged insufficiency of plaintiff's possession, (the ground on which the nonsuit was entered,) or whether there was in fact such change of ownership and possession as, under the circumstances, could reasonably be expected, taking into view the character and situation of the property and the relations of the parties, was a question of fact for the jury, and not one of law exclusively for the court: Evans v. Scott, 89 Pa. 136; Crawford v. Davis, 99 Pa. 576; Renninger v. Spatz, 128 Pa. 524. As was said in Crawford v. Davis, supra, if the purchase was in good faith, and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and the vendee assumed such control of the property as to reasonably indicate a change of ownership, the delivery cannot, as matter of law, be held insufficient, especially in the absence of evidence that the vendor was indebted at the time of the sale. This case is not without some circumstances which tend to cast suspicion on the bona fides of the transaction, but these were proper matters for the consideration of the jury. If it had been shown that in 1882 the vendor was a judgment debtor of the creditor on whose execution the property was sold, it would have been an additional circumstance of grave suspicion. In view of all the testimony, we think the learned judge erred in not taking off the nonsuit.

Judgment reversed, and a procedendo awarded.