## Gattle Brothers *v.* Joseph P. Kremp, Appellant.

*Sale—Consignment for sale—Fraud.*

It has been the policy of the law and the aim and trend of all the decisions to prevent fraudulent imposition on creditors by a misleading possession; but open, notorious and exclusive possession being destructive of all sales under consignment is not the test where there has been a bona fide and honest consignment of goods to be sold as the property of the consignor. The honesty of the transaction and the intention of the parties while not the sole tests, are important and constituent parts of it in determining whether a transaction is a sale or consignment, with a view to determining the liability of the goods to execution creditors of the consignee or vendee.

*Consignment for sale—Fraudulent possession—Question for jury.*

A jeweler of Reading, Pa., indebted to a New York creditor, whose claim was being pressed, met him by appointment at a place in Reading other than the debtor's store; at this meeting the claim was adjusted by the return of a portion of the goods originally bought from the creditor and the delivery of certain other goods belonging to the debtor merchant. These goods were actually delivered to the creditor by the debtor, and the indebtedness of the latter canceled. At the same time and place and almost immediately after the adjustment of the accounts the creditor delivered the goods so received by him in satisfaction of his debt to his former debtor to be by him sold as a consignment for the account of the New York merchant, the former creditor. Subsequently another creditor obtained judgment on a debt which had accrued prior to this transaction, and issued execution. *Held,* on an issue arising under a sheriff's interpleader that the

question of fraudulent possession by the debtor in possession, or bona fide consignment, was for the jury.

Argued Nov. 9, 1897. Appeal, No. 118, Oct. T., 1897, by defendant, from judgment of C. P. Berks Co., Dec. T., 1896, No. 91, on verdict for plaintiffs. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Feigned issue. Before ENDLICH, J.

Joseph P. Kremp, the defendant, issued execution on a judgment against James M. Burkhart, and levied on the stock of goods in his store; Gattle Bros., the plaintiffs, thereupon made claim to certain diamonds valued at $610.20, as their property.

Other material facts appear in the opinion of the court.

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1) In not affirming defendant's point, which is as follows: " That under all the evidence the verdict must be in favor of the defendant except as to the single combination ring, $9.50, which the defendant admits was consigned originally. *Answer*: Negatived, not read to the jury." (2) In charging the jury as follows: " Those questions, gentlemen, are these: In the first place, did Burkhart deliver to Gattle the actual possession of the goods in question on October 15, 1896? He brought them to Gattle's room, there is no dispute about that; he laid them on the table, there is no dispute about that; but did he mean in so doing to hand them over to Gattle as the property thereafter of Gattle Brothers, did he mean to put them into the possession of Moses Gattle as part payment of the debt which he, Burkhart, owed to Gattle Brothers, and did Gattle so receive them and actually possess them? The law cannot undertake to fix any particular time during which a man must have held actual possession of goods in order to constitute a transfer which will be valid, but it requires that that transfer shall have been an actual one with the right in the transferee of continued possession." (3) In charging the jury as follows: " In other words, in order to constitute a transfer of possession, you must find by the fair preponderance of the evidence that when Burkhart brought these goods into Gattle's room and put them on the table, what he said and did gave Gattle the right to retain those goods then and there, and send

Burkhart away without them.   Otherwise the transaction would not amount to a legal delivery."    (4) In charging the jury as follows : " If, on the other hand, there was a transfer, a legal, valid transfer, as I have explained that to you, at the time, then the next question arises, What was the nature of the retransfer of these goods to Burkhart?   There is no dispute about the fact that whilst Burkhart went to Gattle's room with the goods in his possession, he also left Gattle's room with the goods in his possession and they continued thereafter to be in his store. If my recollection of the testimony is right, there was no distinction made, nor was there any understanding at the time there should be any distinction made, between these goods and others so far as their handling by Burkhart in his store was concerned.   It is for you to say whether this transfer, this retransfer of the goods—supposing there was a transfer in the first place by Burkhart to Gattle—by Gattle to Burkhart, was a bona fide transfer to him, for inspection of the goods, or on consignment, to be sold by him on Gattle Brothers' account, as the property of Gattle Brothers, or was it a mere renewal of Burkhart's former possession, a resale to him of the goods, with the addition, however, of a stipulation between these people that in order to secure payment by Burkhart to Gattle Brothers the title to the property should remain in Gattle Brothers until paid.   If it was a bona fide and honest consignment, the goods to be sold as the property of Gattle Brothers, then they remained the property of Gattle Brothers, and this execution could not be lawfully levied upon this property, because Burkhart being indebted to Gattle Brothers, as well as to Kremp, had, of course, the right to prefer one creditor over another, and if he did prefer, in such a way as to make the preference a legally valid one, the Gattle Brothers, then their possession, their title to the property would be superior to that of other creditors who might come in afterwards."

*Stevens & Stevens*, for appellant.—The retention of possession of personal property by the vendor is a fraud in law whenever the subject of the transfer is capable of delivery, and no honest and fair reason can be assigned for the vendor not giving up and the vendee taking possession : Clow v. Woods, 5 S. & R. 275 ;  Weller v. Meeder, 2 Pa. Superior Ct. 488.

The rules of law applicable to this case were applied by the Supreme Court to a similar state of facts in the case of Young v. McClure, 2 W. & S. 147.

Change of possession must be bona fide, not colorable; clear, unequivocal and exclusive. This rule is intended to prevent frauds and avoid the danger to creditors, by giving a man a false and delusive credit: McBride v. McClelland, 6 W. & S. 94; Streeper v. Eckert, 3 Wharton, 302; Garman v. Cooper, 72 Pa. 32; Milne, Brown & Co. v. Henry, 40 Pa. 352.

An attempt to secure payment of a debt very like the one presented in the case at bar is shown in Wagner v. Commonwealth, 16 W. N. C. 75.

The transaction of October 15, 1896, between Gattle Brothers and James M. Burkhart being a fraud in law, without regard to the intention of the parties, it became a question for the court and not for the jury to decide, and therefore the court erred in not affirming the defendant's point: Weller v. Meeder, 2 Pa. Superior Ct. 488; Dornick v. Reichenback, 10 S. & R. 84.

*Rourke & Heinly*, for appellees.—There being evidence of an actual, visible, manual delivery, the question of change of possession was properly submitted to the jury; and having found that there was such a change of possession, it was for them further to find whether the same was bona fide, absolute, and unconditional: Renninger v. Spatz, 128 Pa. 524; Goddard v. Weil, 165 Pa. 419.

By intent is meant not the secret understanding of the parties, but their intention as indicated by their language and conduct: Waters v. Wolf, 2 Pa. Superior Ct. 200.

The bona fides of the transaction in the case at bar is admitted by the appellant. There was a valid consideration, namely, the payment of a debt: Blakey's Appeal, 7 Pa. 449.

Under the charge of the court, the verdict shows that the transaction was an actual, visible, physical transfer, bona fide, unconditional and absolute, and for a valid and adequate consideration.

There are many cases where the vendor, after the transfer, remained upon the same premises, using the same goods, as the servant or agent of the vendee, and the transaction was not regarded as legal fraud. These cases have been so fully reviewed

in the late case of Weller v. Meeder, 2 Pa. Superior Ct. 488, that it is necessary to cite but a few: Garretson v. Hackenberg, 144 Pa. 107; Bell v. McCloskey, 155 Pa. 319.

OPINION BY ORLADY, J., February 19, 1898:

Joseph P. Kremp, of Reading, Pa., and Gattle Brothers, of New York City, were creditors of James M. Burkhart, who was doing business as a jeweler in Reading. After the indebtedness of Burkhart to Kremp had been created, the former became indebted to Gattle Brothers for diamonds, jewelry, etc., which were purchased from them, for sale in his store. Kremp was unable to pay the claim of Gattle Brothers upon their demand, and a correspondence ensued between the parties which resulted in an offer by Burkhart to deliver to Gattle Brothers some of the goods purchased from them, and goods purchased from other dealers, in payment of their claim. Pursuant to this offer on October 15, 1896, the parties met in a room of a hotel in Reading, to which place the goods were brought by Burkhart, and were then examined, scheduled, marked with their then value, and in payment of his debt were delivered by Burkhart to Moses Gattle for the plaintiff. Subsequent to this, but at the same meeting, the goods were delivered by Moses Gattle, upon a memorandum bill, to Burkhart, as a consignee, to be by him sold as the property of Gattle Brothers, and upon their account. The goods were placed on sale in the store of Burkhart without any special mark of identification.

On December 5, 1896, Kremp issued an execution and levied upon the stock of goods in Burkhart's store, including the goods now in dispute, which were then claimed by Gattle Brothers, in consequence of which a feigned issue was framed to determine the title thereto.

On the trial, the defendant requested the court to say " That under all the evidence the verdict must be in favor of the defendant except as to the single combination ring, ($9.50) which the defendant admits was consigned originally."

The learned trial judge refused this point, and the evidence was submitted the jury in a well guarded charge.

While the facts were not controverted, the evidence was of such a character as might admit of opposite inferences, and it was proper to refer it to the jury. The defendant contended

in the court below, and as earnestly urges in this court, that he was entitled to binding instructions under authority of a line of cases beginning with Clow v. Woods, 5 S. & R. 275.

The court said " The law cannot undertake to fix any particular time during which a man must have held actual possession of goods in order to constitute a transfer which will be valid, but it requires that the transfer shall have been an actual one, with the right in the transferee of continued possession. If there was a transfer, a legal, valid transfer at the time, then the next question arises, what was the nature of the retransfer of these goods to Burkhart. It is for you to say whether this retransfer was a bona fide transfer to him for inspection of the goods, or on consignment to be sold by him on Gattle Brothers' account, as the property of Gattle Brothers, or was it a mere renewal of Burkhart's former possession, a resale to him of the goods, with the addition however as a stipulation between these people, that in order to secure payment by Burkhart to Gattle Brothers the title should remain in Gattle Brothers until paid. If it was a bona fide and honest consignment, the goods to be sold as the property of Gattle Brothers, then they remained the property of Gattle Brothers, and this execution could not be lawfully levied upon this property."

The point submitted by the defendant assumes the validity of a consignment to preserve the title in the consignor in excepting from his claim the single combination ring ($9.50), which the defendant admits was consigned originally—and he could not have objected to the conclusiveness of the transaction if the goods in dispute had been taken by Moses Gattle from Reading to the New York store, and, with the single combination ring, honestly consigned from that point, all of which could have been done within twenty-four hours.

The fairness of the consideration in accepting the goods in payment of a preëxisting debt is not questioned.

In the cases on which appellant relies there was no evidence, or there was a conflict of evidence, as to a change of possession of the property, but in this case, under the charge of the court, the verdict means that the first transaction was honest, the consideration a valuable one, accompanied by an actual physical delivery of the property, free from any pretense, collusion or condition, resulting in a consummated sale, and the exclusive

right in Gattle Brothers to a continued possession. These facts being found, what difference did it make to this creditor of Burkhart as to whether the goods were consigned to his debtor from Reading or New York? If the right to a continuous possession, with an absolute title, became fixed in Gattle Brothers, this creditor was not injured by their consignment of these goods to him. His debt had been long overdue, and no false or delusive credit was created, and under the facts as determined by the verdict the possession of Burkhart at the time of the levy was entirely unrelated to his former possession.

The stock of goods kept for sale in a store is continually changing, and a lender does not extend general credit to an owner on the faith of a particular item of property in his store. There is no evidence in the case intimating that Kremp knew, or did not know, that this debtor kept or sold goods on consignment. The aim and trend of all the decisions has been to prevent fraudulent imposition on creditors by a misleading possession, but the open, notorious and exclusive possession as urged by appellant would be destructive of all sales under consignment. Admitting that there was no collusive or actual · fraud, the appellant contends that the transaction was fraudulent in law because of the insufficiency of Burkhart's possession as consignee of Gattle Brothers; and that the honesty of the transaction or the intention of the parties are not to be considered.

We cannot go that far. The honesty of the transaction and the intention of the parties were not the sole tests by which its legality was to be determined, but they were very important, constituent parts of it, and when a jury finds that they are accompanied by an unconditional, physical delivery of possession as could reasonably be expected, taking into view the character and situation of the property, and the relation of the parties, based on an honest consideration, they became decisive of the question: Hugus v. Robinson, 24 Pa. 9; Billingsley v. White, 59 Pa. 464; McKibben v. Martin, 64 Pa. 352; Evans v. Scott, 89 Pa. 136; Crawford v. Davis, 99 Pa. 576; Ziegler v. Handrick, 106 Pa. 87; Buckley v. Duff, 114 Pa. 596; Renninger v. Spatz, 128 Pa. 524; Stephens v. Gifford, 137 Pa. 219; McGuire v. James, 143 Pa. 521; Garrettson v. Hackenburg, 144 Pa. 107; Bell v. McCloskey, 155 Pa. 319; Goddard v.

Weil, 165 Pa. 419; Goss P. Co. v. Jordan, 171 Pa. 474; Post v. Berwind-White Co., 176 Pa. 297. The distinctions noted in Clow v. Woods, 5 S. & R. 275, and in many later cases fully warranted the submission of this case to the jury. If the proof warranted the finding of the fact that the last transaction, called the retransfer, was a constituent part of the first, or if the two taken together were a mere device or expedient to pledge the property as a security for money, the result would be different, but the contention of the plaintiff was supported by evidence which convinced the jury that the consignment was a separate and entirely independent undertaking, and as such it must be considered: Murray v. McCarthy, 5 Cent. Rep. 169.

The assignments of error are overruled and the judgment is affirmed.