# Kinsley, Appellant, *v.* Kinsley et al.

*Sheriff's interpleader—Husband and wife — Property levied on and claimed by wife—Evidence of ownership—Insufficiency.*

In the trial of a sheriff's interpleader to determine the title to certain household goods, levied on by the sheriff as the property of the husband and claimed by the wife, a verdict is properly directed in favor of defendant, where the plaintiff failed to produce sufficient evidence to establish her claim of ownership to the articles in question.

Argued December 10, 1923.   Appeal, No. 318, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 7193, directing a verdict in favor of defendants, in the case of Ella A. Kinsley v. Joseph T. Kinsley; F. King Wainwright, Clement R. Wainright and Laura L. Wainright, executors of the Estate of Joseph R. Wainright, deceased.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ.   Modified.

Sheriff's interpleader to determine the title to household goods.   Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned* was, among others, the order of the court.

*M. T. McManus,* for appellant.—The case was for the jury and the court was not justified in directing a verdict: McVicker v. May, 3 Pa. 224; Hugus v. Robinson, 24 Pa. 9; McKibbin v. Martin, 64 Pa. 352; Evans v. Scott, 89 Pa. 136; Renninger v. Spatz, 128 Pa. 524; McGuire v. James, 143 Pa. 521; Garretson v. Hacken-

berg, 144 Pa. 107; Crawford v. Davis, 99 Pa. 576; Bell
v. McCloskey, 155 Pa. 319; Dunlap v. Bouronville, 26
Pa. 72; Born et al. v. Shaw, 29 Pa. 288.

*Charles J. Biddle,* and with him *Reynolds D. Brown,*
for appellee.—There was never any actual delivery of the
property to the appellant: Hilton v. Leibig Manufactur-
ing Co., 59 Pa. Superior Ct. 460; Wagoner's Est., 174
Pa. 558; Campbell's Est., 7 Pa. 100; Zimmerman v.
Streeper, 75 Pa. 147; Sullivan v. Hess, 241 Pa. 407.

OPINION BY HENDERSON, J., March 14, 1924:

This is an interpleader issue arising on the claim of
the plaintiff to the personal property levied on by the
sheriff on an execution against her husband. The prop-
erty consists of household furniture. The court gave
binding instructions for the defendant and from that
direction the plaintiff appealed. The source of title
alleged was a series of gifts by her husband to the plain-
tiff during the course of their married life. They had
been married for about thirty-seven years, and for
about six years before the trial had been living in a
house the title to which was in the plaintiff. According
to her testimony and that of her husband there was an
agreement between them at the time of their marriage
that all of the furniture then bought or thereafter to be
bought to be used in their home should be the property
of the wife, and that in compliance with that agreement
furniture was bought when they commenced house-
keeping to which other furniture was added as desired
from time to time or for replacement. The parties lived
and kept house together up to the date of the levy, and
a dining table and some chinaware among the articles
levied on were part of the original purchase. The other
articles were acquired from time to time at dates not
definitely stated. The plaintiff testified as did her hus-
band that they never made any other arrangement in
regard to the ownership of the goods as they were ac-

quired than as originally agreed upon. There was no declaration of a gift by the husband to the wife as the furniture was bought from time to time, nor anything done expressing an intention to transfer the title to the plaintiff—all of the furniture having been bought by the husband. We agree with the learned trial court that the plaintiff failed to show title to the principal part of the property bought. As to that acquired when she and her husband began housekeeping, and when the property so bought was given to her on the agreement above stated, the question of the sufficiency of the delivery by gift was one to be determined by the jury. The parties were living together; it was impracticable in view of the domestic relation that property of this character could be exclusively held. When considering the kind of possession necessary to be given in such circumstances, regard must be had not only to the character and use of the property, but to the position of the parties: Hugus v. Robinson, 24 Pa. 9; Renninger v. Spatz, 128 Pa. 524; McGuire v. James, 143 Pa. 521. The right of the husband to make a gift of the kind at the time asserted, cannot be questioned and no such change of possession as will defeat the fair and honest intentions of the parties is required. It does not appear that the husband was in debt at the time; he had a prosperous business career for many years, and the claims now asserted against him arose long after the date of the first purchase of furniture and out of speculative enterprises which could not have been in contemplation when the plaintiff's title was acquired. There is room therefore for the conclusion that the gift to the wife was bona fide and the transfer of possession of such nature as the kind of property and the relation of the parties made practicable. We would feel constrained therefore to reverse the judgment to the extent that the property originally given still remains in the possession of the plaintiff and in her own house. As to the other property the most that was shown was that there was an

original promise to make subsequent gifts, but there was no evidence of a delivery to the wife in fulfillment of that promise.   Nor does it sufficiently appear when the particular articles of furniture acquired afterward were bought.   The value of the dining table and the chinaware referred to is probably not large and it may be that the plaintiff in the execution is willing to release his claim as to those articles.   We therefore direct that the judgment be reversed as to the dining table and the chinaware unless within twenty days from the filing of this opinion the execution creditor remit to the plaintiff in writing filed the value of these articles in which case the judgment shall be affirmed.