# Hunter Construction Company *v.* Lyons, Appellant.

*Contract—Sale—Delivery of possession—Constructive delivery.*

1. Where it appears that personal property which is the subject of a
sheriff's interpleader had belonged to the defendant in the execution
and is found by the sheriff in his apparently continuing and uninter-
rupted possession and use, the burden is upon a person claiming through
him of proving by sufficient evidence at least the constructive deliv-
ery of it.

VOL. CCXXXIII—36

2. In passing upon the question of the sufficiency of the constructive delivery of a chattel sold, the character of the property, the use to be made of it, the nature and object of the transaction, the position of the parties and the usages of the trade or business must be taken into consideration.

3. When constructive delivery of possession is relied upon as sufficient under the rule requiring change of possession from the vendor to the vendee, such delivery will not be held insufficient as a matter of law if the purchase was in good faith and for a valuable consideration, followed by acts intending to transfer the possession as well as the title, and the vendee assumes such control of the property as to reasonably indicate a change of ownership.

4. Where nothing has been done by the vendee to reasonably indicate to all concerned the fact of the change of ownership, it is the duty of the court to pronounce a mere symbolic delivery to be insufficient, but where there is evidence of such assumption of control as to reasonably indicate a change of ownership, it is for the jury to say whether it was bona fide or merely colorable, and whether it was enough to give notice to the world.

5. On the trial of a feigned issue under a sheriff's interpleader to determine title to a steam roller, stone crusher and other implements, the plaintiff in the execution is entitled to binding instructions in his favor where the uncontradicted evidence is that the defendant in the execution, an individual contractor, who was also the president of the foreign corporation which was the claimant and the plaintiff in the interpleader, had executed a bill of sale of the articles in question to the claimant, that he did not deliver possession of them, that he did not remove his own name which was upon all of them, that after the bill of sale he had continued to use the equipment in fulfilling an individual contract of his own, paying a rent therefor to the claimant, and that he had given no notice of the sale, directly or indirectly, to anyone within this state.

Argued Oct. 13, 1911. Appeal, No. 167, Oct. T., 1911, by defendant, from judgment of C. P. Washington Co., Nov. T., 1910, No. 8, on verdict for plaintiff in case of The Hunter Construction Company v. Robert Lyons, Receiver of the Cosmopolitan National Bank of Pittsburg. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Feigned issue under sheriff's interpleader. Before MCILVAINE, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows:

Now, gentlemen, the defendant has asked us to instruct you as a matter of law that these facts that have been testified to are not sufficient to show a delivery. We refuse to instruct you in that way, reserving, however, the question of law so that we can consider it hereafter, if we see on argument that we are wrong, and reserving the right to enter judgment in favor of the defendant notwithstanding a verdict in favor of the plaintiff, if you should so find. [But for the present we instruct you that it will be for you to say whether or not this explanation of why the goods were not shipped and delivered, that is, why a manual delivery was not made of them by Mr. Hunter to the New York corporation in New York—whether that has or not been reasonably explained by showing that he needed these goods to finish his contracts here, and while he was using the tools here recognized the title of the vendee by contracting and actually paying for their use at so much a month while he had them. Now Mr. Hunter has testified to what was done and that question I say turns upon his credibility. If you believe what he states is true then it appears to the court that there would be no actual or legal fraud in the matter and these tools would appear to be the property of the Hunter Construction Company and not the property of Mr. N. C. Hunter, and therefore they ought not to have been levied upon and your verdict in that case would be for the plaintiff, the Hunter Construction Company. On the other hand, if you do not believe what Mr. Hunter says and that those goods levied upon were not included in the bill of sale, and that he had not leased them, why then the fact that they remained here in his possession, of course, would render any contract that he may have made for their sale null and void; if there was no delivery either actual or constructive, and especially if these goods were not included in the ones that are named in the schedule attached to the bill of sale, why then your verdict should be for the defendant.] [7]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* amongst others were (6) in refusing judgment for defendant n. o. v. and (7) portion of charge as above, quoting it.

*John Scott Wendt,* with him *William S. Moorhead* and *Donnans, Brownson & Miller,* for appellant.—It is not necessary for an existing creditor of a vendor of personal property who has retained possession thereof to prove actual fraud in order to avoid the sale: Stephens v. Gifford, 137 Pa. 219; Janney v. Howard, 150 Pa. 339; Lehr v. Brodbeck, 192 Pa. 535.

From the evidence in this case the court should have held as a matter of law that there was not a sufficient delivery of the property to divest the rights of an existing creditor of the vendor: Clow v. Woods, 5 S. & R. 275; Hugus v. Robinson, 24 Pa. 9; Stoddardt v. Price, 143 Pa. 537; Streeper v. Eckart, 2 Wharton (Pa.), 302; Betz v. Franz, 10 Sadler, 329; Chase v. Ralston, 30 Pa. 539; Miller v. Garman, 69 Pa. 134; Garman v. Cooper, 72 Pa. 32; White v. Gunn, 205 Pa. 229; Barr v. Reitz, 53 Pa. 256; Weller v. Meeder, 2 Pa. Superior Ct. 488; Kendig v. Binkley, 10 Pa. Superior Ct. 463.

*Norman E. Clark,* with him *Winfield McIlvaine,* for appellee.—Where the subject of the sale is not reasonably capable of actual delivery then a constructive delivery is sufficient: Garretson v. Hackenberg, 144 Pa. 107; Evans v. Scott, 89 Pa. 136; Crawford v. Davis, 99 Pa. 576; Bell v. McCloskey, 155 Pa. 319; Renninger v. Spatz, 128 Pa. 524; Hugus v. Robinson, 24 Pa. 9; Keystone Watch Case Co. v. Nat. Bank, 194 Pa. 535.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

This is a feigned issue under the sheriff's interpleader act to determine the title to certain personal property

seized on an execution in which the appellant was the plaintiff and N. C. Hunter, the defendant. The facts in the case are undisputed, and nothing could be clearer from a mere recital of them than that heed must be given to appellant's complaint of the refusal of the trial judge to direct a verdict in his favor.

For fifteen or twenty years prior to 1910 N. C. Hunter had been a contractor engaged in constructing railroads and highways in the county of Washington, this state. In August and September, 1908, he borrowed money from the Cosmopolitan National Bank of Pittsburg, and in July, 1910, Robert Lyons, the appellant, who had been appointed its receiver, instituted suit to collect the indebtedness due by Hunter from 1908, and, having obtained a judgment against him, issued an execution, by virtue of which the sheriff of Washington county seized a steam roller, stone crusher, dump wagons, etc., constituting an equipment then being used by Hunter in the construction of a highway near Eighty-four, in said county. About November 17, 1909, there was organized under the laws of the state of New York a corporation known as the Hunter Construction Company, and on the twenty-fourth of that month Hunter, according to his testimony as a witness for the plaintiff, executed and delivered to that corporation a bill of sale of all his road-making equipment, including the property in controversy, for which there was issued to him the entire capital stock of the corporation. At the same time he assigned to it a number of contracts, not including, however, the one for the construction of the road near Eighty-four, on which the machinery levied upon was being used. Some of the property included in the bill of sale was shipped to the Hunter Construction Company in New York, but none used in building the highway at Eighty-four was shipped to it there or elsewhere. It remained in Washington county, in the possession of Hunter, until it was levied upon. It had continued in his possession after the bill of sale was executed and delivered, just as before, and, at the time it was seized,

was being used by Hunter in carrying out a contract in which he was individually alone interested. The Hunter Construction Company was never registered in this state and never did work of any kind here. On the trial it was admitted that Hunter had not delivered to his construction company actual possession of the property taken in execution by the sheriff. He further testified that during the spring of 1910 he, as president of the Hunter Construction Company, had entered into an oral agreement with himself, as an individual, whereby he had leased to himself the roadmaking equipment which was being used by him in fulfilling his individual contract, and paid rent to the company for the use of it at the rate of two per cent a month on its appraised value. When he delivered the bill of sale to the Hunter Construction Company the road rollers, sprinklers, dump wagons, etc., were marked with the name "N. C. Hunter." There was no change in this marking, and the name of N. C. Hunter was still on these articles at the time of the levy. The name of the Hunter Construction Company did not appear on any of the equipment at Eighty-four.

After the admission by the appellee that there had not been an actual delivery of possession to it of the personal property seized by the sheriff as the property of N. C. Hunter, his sale to the company was fraudulent in law, if not in fact, and, therefore, void as to the execution creditor to whom he was indebted at the time of the sale to the company, unless there was such a constructive delivery to the vendee as would take the sale out of the rule requiring actual delivery. The property admittedly belonged to N. C. Hunter prior to his sale of it to the construction company, and, having been found by the sheriff in his apparently continued and uninterrupted possession and use, the burden was upon the appellee of proving by sufficient evidence the constructive delivery to it upon which it stands to sustain its title: Barr v. Reitz, 53 Pa. 256.

In passing upon the question of the sufficiency of con-

structive delivery in any case, the character of the property, the use to be made of it, the nature and object of the transaction, the position of the parties and the usages of trade or business must be taken into consideration: Renninger v. Spatz, 128 Pa. 524; McCullough v. Willey, 200 Pa. 168; White v. Gunn, 205 Pa. 229; and, when constructive delivery of possession is relied upon as sufficient under the rule requiring change of possession from the vendor to the vendee, such delivery will not be held insufficient as a matter of law, if the purchase was in good faith and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and the vendee assumes such control of the property as to reasonably indicate a change of ownership: Crawford v. Davis, 99 Pa. 576; Garretson v. Hackenberg, 144 Pa. 107. "In such cases it is only necessary that the vendee should assume the control of the subject so as reasonably to indicate to all concerned the fact of the change of ownership. Where nothing of the kind has taken place, it is the duty of the court to pronounce a mere symbolical delivery to be insufficient; but where there is evidence of such assumption of control, it is for the jury to say whether it was bona fide or merely colorable, and whether it was enough to give notice to the world. The question in such case is, Did the vendee do all that he might reasonably be expected to do in the case of a real and honest sale?" McKibbin v. Martin, 64 Pa. 352. What was done by the appellee, as Hunter's vendee, to indicate to his creditors or to anyone else that it had assumed control of the personal property found by the sheriff in the continued possession of Hunter, its vendor? It was not even shown that anyone outside of Hunter, Hibbard, his attorney, and his construction company ever knew he had made a sale to it; and it cannot be pretended that the company ever did anything in this state or out of it to indicate to anyone that it had assumed control of the property which is the subject of this interpleader. Though the rigor of the rule as laid down in Clow v. Woods, 5 S. & R. 275, has been

somewhat relaxed, no one of the innumerable cases which followed and reaffirmed it—aptly termed by Mr. Justice SHARSWOOD to be "a beadroll of subsequent decisions, which it would be a mere affectation of learning to cite"— justified the court below in permitting the jury to find, under the undisputed facts in the case, that there had been a constructive delivery of the property by Hunter. If, as was said in McKibbin v. Martin, it is for a jury to say whether the sale was bona fide or merely colorable, and whether it was enough to give notice to the world, a jury must so find upon evidence, and here there was not even a scintilla that anything had ever been said or done by Hunter in his individual capacity, or as president of the construction company, or by that company through anyone else, to give notice of the sale, directly or indirectly, to anyone within this state. It was, therefore, the duty of the court to have pronounced the delivery insufficient to sustain the sale: McKibbin v. Martin, supra. It is not for us to indicate what might have been done to show that the appellee had assumed control of the property. Numerous cases might be cited to show what was done to sustain a constructive delivery, as, for instance, in Haynes v. Hunsicker, 26 Pa. 58, the vendee wrote his name upon the lumber; in Chase v. Ralston, 30 Pa. 539, the purchasers stamped their initials on the timber; in McKibbin v. Martin the purchaser advertised the change of ownership and printed his name on the bills and letter-heads; in Barr v. Boyles, 96 Pa. 31, the keys of the establishment were delivered; in McCullough v. Willey, 200 Pa. 168, tags were attached to the machinery; and in Riggs v. Bair, 213 Pa. 402, on the front bag of each pile of coffee there was a tag with the purchaser's name upon it. In this case there was nothing shown from which the jury could have found that there was visible indication of any change whatever in the ownership of the property. Everything went on under the control of Hunter after the sale, just as it had gone on before. Nothing appeared in or about the work to even indicate the existence of the

appellee, while, on the other hand, there was every indication, including the unchanged stamp of "N. C. Hunter" upon the road rollers, sprinklers, dump wagons, etc., that there had been no change of ownership. It is useless to further pursue this discussion. The manifest duty of the court was to have affirmed defendant's first point.

The judgment is reversed and is now entered here for the defendant in the issue, and it is further ordered that he recover his costs.