COMMONWEALTH FINANCE CORPORATION, APPELLANT,
v. HENRY J. SCHUTT, RESPONDENT.

Submitted December 5, 1921—Decided March 6, 1922.

1. A written instrument which on its face is an admission of title to chattels, but which is subject by an oral arrangement to redemption on payment of a sum of money loaned, is in law a chattel mortgage subject to the requirement of the statute governing the execution and recording of such instruments.

2. Where such mortgage is, by statute, void against a purchaser in good faith when not recorded, 'the burden of proving the want of good faith in a purchaser from the mortgagor in possession, who has proven his purchase and the payment of value, is on the party asserting that the purchase was made with notice of his claim, and the same rule applies if the writing is a conditional bill of sale.

3. If an owner puts the possession of his chattels in the hands of another party to sell in the open market, in the ordinary course of business, upon condition that if a sale be made such party will pay to him the proceeds of the sale, and the party so authorized makes a sale to a third party in good faith who pays the value, the owner is estopped to deny the validity of the sale on the ground that his agent to sell does not pay over to him the proceeds thereof. Having authorized the sale and the receipt of the proceeds by one who stands in the relation of an agent for that purpose, the owner cannot question the acts of his agent in dealing with an ordinary purchaser in good faith because his agent does not account to him.

On appeal from the Supreme Court.

For the appellant, *Hartshorne, Insley & Vreeland.*

For the respondent, *William F. Burke.*

The opinion of the court was delivered by

BERGEN, J.  The defendant purchased from Cole & Dixon, dealers in auto trucks, two such trucks and paid for them. The plaintiff, claiming to own the trucks, brought a suit in replevin to recover possession of them, in which action the defendant gave bond and reclaimed them, filed a proper an-

swer, and the cause proceeded to trial in which the court ordered a judgment of nonsuit, from which the plaintiff appeals. The evidence shows that Cole & Dixon had purchased from the manufacturers the two trucks in question, who shipped them to Cole & Dixon at Newark, New Jersey, mailing the bill of lading with draft attached to the National Bank of Commerce of New York, which it was required Cole & Dixon should pay, amounting to $5,801.48, before they could obtain the bill of lading, which it was necessary for them to have to obtain delivery of the trucks from the transporting carrier; that Cole & Dixon, not having sufficient funds to do this, applied to the plaintiff for financial assistance and it gave Cole & Dixon its certified check, payable to the order of the bank holding the draft for its full amount. To make up the amount of the certified check Cole & Dixon advanced $1,056.10, out of which the plaintiff retained $42.24, for what it calls the "accommodation," leaving the sum advanced by the plaintiff $4,787.62. With this certified check Cole & Dixon took up the draft, obtained the bill of lading, and with it secured possession of the trucks from the carrier, removed them to their warerooms and sold them in the ordinary course of their business to the defendant, who, so far as this record shows, was an innocent purchaser, and who paid or accounted for the purchase price to Cole & Dixon and took possession of them.

The ground of this appeal is that the trial court refused to admit in evidence certain written papers offered by the plaintiff, all of them being offered for identification appear in the record. These writings consist of the check given by the plaintiff for the purpose of paying the draft; the account of the transaction kept by the plaintiff in its books, as well as copies of the original bills of lading, none of which are material to the issue raised and argued. The papers material to the issue are two storage receipts signed and delivered by Cole & Dixon at the time they received the certified check. They are each in the same form, being one for each of the trucks, and recite that Cole & Dixon had received from the plaintiff one new automobile, describing it,

"which is stored at the expense of the undersigned for the said Commonwealth Finance Corporation at 235 West Fifty-fourth street, New York, New York; and the undersigned acknowledges that said automobile is the property of the Commonwealth Finance Corporation, and agrees that the undersigned will deliver same only to Commonwealth Finance Corporation, or its order, and only upon surrender of this receipt, duly endorsed by Commonwealth Finance Corporation." To refuse to admit in evidence this receipt was error because it was some evidence of the right of possession and title in the plaintiff, as between it and Cole & Dixon, and competent if the defendant was not a purchaser in good faith, but even if admitted as they appear in the record, the result would have been the same, because an innocent purchaser whose title is assailed may explain his possession, and that being done in this case, it appears that the transaction was not as it appears in the writing, the evidence showing conclusively that these receipts were nothing more than a chattel mortgage, which was not properly verified or recorded so as to charge the defendant with notice. Where there is an indebtedness, and the arrangement between creditor and debtor is merely to transfer the property of the debtor to the creditor for the purpose of securing the payment of the debt, and leaves in the debtor the equity of redemption and the right to possession of the property after the debt is paid, the writings constitute a mortgage. *Hastings* v. *Fithian,* 71 *N. J. L.* 311. The witness Weed, who was the vice president of the plaintiff corporation, testified that if Cole & Dixon had repaid on the next day the $4,787.62, which it had advanced, that the plaintiff would have canceled the storage receipts, and that if the trucks were not sold within thirty days Cole & Dixon had the privilege of renewing the right to redeem for an additional period, upon paying interest, but that at the end of one hundred and twenty days plaintiff would require them to pay the entire sum, because during that time there would be a depreciation in the value of the truck, but that if they paid within thirty days then a proportionate

part of the charges would be refunded. If this is not a chattel mortgage, it is at least a conditional sale, and the instruments in evidence of it must in either case be recorded in the clerk's office of the county where the goods are if a subsequent purchaser is to be charged with notice, and that was not done in this case. It was certainly a loan of money to secure which the trucks were pledged, or it was a conditional sale to Cole & Dixon, and neither instrument being recorded there would be no notice to the defendant that there was any infirmity in the title of Cole & Dixon to the trucks which the plaintiff had placed in their hands with permission to sell, or notice that they were not entitled to sell to the public as against an innocent purchaser. The scheme adopted by the plaintiff has the appearance of an attempt to evade the recording acts of this state. The plaintiff claims to be the owner as against Cole & Dixon, but, manifestly under this evidence, it was not the absolute owners, because its right was subject to a defeasance, if Cole & Dixon should pay the amount of the loan, or the money advanced, for which the trucks were pledged, and, if after the sale to the defendant Cole & Dixon had tendered the money they had been paid by defendant, to the plaintiff in satisfaction of the loan, it could not have denied that right, in fact, it admits that Cole & Dixon had that right.

The statute concerning chattel mortgages (*Comp. Stat., p.* 463, § 4) declares that every chattel mortgage or conveyance intended to operate as such, which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against subsequent purchasers in good faith, unless the mortgage, having annexed thereto a prescribed affidavit, be recorded, which record shall, by virtue of the fifth section of the same act, be in the clerk's office of the county where the property mortgaged shall be at the time of its execution. The statute relating to conditional sales contains a similar requirement as to recording. The storage receipts which are the basis of the claim do not appear to have been recorded either as a chattel mortgage or as a conditional bill

of sale so that the proposed paper title of the plaintiff was void as against the defendant as a subsequent purchaser in good faith. Therefore, in this case the burden was on the plaintiff to show that it held an enforceable chattel mortgage or bill of sale good against the defendant. Otherwise, it had no lien against, or right of possession to, the property superior to the defendant, and it does not avail the plaintiff that its title might have been good against Cole & Dixon, for the title of a *bona fide* purchaser is good, although acquired from one whose title is not *bona fide,* as was held by this court in *Behn* v. *National Bank of New Jersey,* 65 *N. J. L.* 591. The plaintiff, in the instant case, not having a right of possession against the defendant if he purchased in good faith, had the burden of showing, in order to make a case against the defendant, that the latter was not a purchaser in good faith, "according to the general view where one claiming protection as a *bona fide* purchaser, has proven his purchase and payment of value, the burden is upon the other party, asserting that the purchase was made with notice of his claim to prove said notice." 27 *R. C. L.* 718, § 483, and cases cited. There is nothing in these receipts which fixes the time of redemption, and, so far as they go, the redemption might be made at any time. In action of replevin the plaintiff must recover on the strength of his own title, or right of possession, and not on the weakness of his adversary's, and unless he shows such title or right of possession, defendant, even though without title or right of possession, will not be compelled to deliver the property. "The real test then as to whether an action [replevin] can be maintained, turns upon the question whether the plaintiff is, at the time of the institution of the suit, entitled to the immediate possession of the property claimed" (23 *Id.* 866, and cases there cited), and whether the plaintiff claims under a conditional bill of sale or a chattel mortgage it is not entitled to immediate possession against the defendant, because it had not properly recorded the instrument upon which its claim is based and did not show want of good faith on defendant's part.

In addition to the foregoing, if it be assumed that the plaintiff was the owner of the trucks, it conclusively appears that the plaintiff allowed Cole & Dixon to retain possession of the trucks for the express purpose of selling them as retail dealers, upon an agreement that they would pay the proceeds of the sale to the plaintiff to the extent of its advancement. This arrangement was in effect creating Cole & Dixon the agents of the plaintiff to sell these trucks for their benefit, and having put them in the possession of such agents for the purpose of selling, trusting them to apply the results of the sale to plaintiff's claim, it will be estopped to deny their agency in the ordinary course of business. If it were otherwise the door would be opened to the plaintiff to perpetuate a fraud on the public to an unlimited extent. What the plaintiff in substance claims is that they authorized Cole & Dixon to sell these trucks, the sale to be effective if Cole & Dixon exercised their option of redemption by paying plaintiff the debt due it, thus making the sale they had consented to depend upon the future acts of their own agents in accounting for the proceeds of the sale. The legal effect of the storage receipts is the only question argued, and we have treated the case as if these receipts had been received in evidence, which is all that the appellant is contending for, and our conclusion being as above indicated, the judgment below is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 16.

*For reversal*—None.