HARRY UNGER, PROSECUTOR, v. ABRAHAM HOCHMAN
AND THE DISTRICT COURT OF THE CITY OF EAST
ORANGE, RESPONDENTS.

Decided May 10, 1926.

**Chattel Mortgages—Conditional Bills of Sale—Judgment—Levy —Claim of Property Under Levy—Question Turned on the Construction of Two Instruments, Whether They Were Chattel Mortgages or Conditional Bills of Sale—Instruments Were Called Bills of Sale, but Provision was Made for the "Vendor" to Retain Property Under Lease and Which Provided for Payment of Debt in Monthly Installments; This Instrument was Recorded—Chattel Mortgage Affects Transactions, Where the Title, Not the Possession, is Transferred, Conditional Bill of Sale Operates Where the Possession, Not the Title is Transferred—Present Transaction Operated as a Chattel Mortgage Though Denominated a Bill of Sale, and as the Affidavit was Defective it may be Attacked by a Judgment Creditor.**

On *certiorari*.

Before GUMMERE, CHIEF JUSTICE, sitting alone, by consent of counsel.

For the prosecutor, *Harry Unger, pro se.*

For the respondents, *Harry Green.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The respondent Abraham Hochman recovered a judgment in the East Orange District Court against the Jersey Leather Trimming Company. An execution was issued on this judgment, and a levy made on property of the defendant. The prosecutor then filed a claim of property, and the question of the validity of the claim was tried out in the District Court, with the result that a judgment was entered in favor of Hochman, the plaintiff in that action. The present writ was allowed for the purpose of testing the validity of that judgment.

My examination of this case leads me to the conclusion that it was properly decided, for the reasons stated in an opinion filed in the District Court by M. F. Judge, the judge of that tribunal, of which the following is a copy:

"Plaintiff in the above-entitled case secured judgment, issued execution and levied upon the property of the defendant. Harry Unger filed a claim of property and called a jury. As the only question involved turned upon the construction of two documents, as to whether they constituted a chattel mortgage or a conditional bill of sale, the court dismissed the jury and reserved decision on the point of law.

"The judgment creditor claims that the documents in question constituted a chattel mortgage, and, as such, was void, because of the absence of an affidavit of consideration. Claimant asserts that they should be construed as a conditional bill of sale.

"While the distinction between a conditional bill of sale and a chattel mortgage is a somewhat technical one, I have come to the conclusion, after a careful study of the cases, that the documents amounted to a chattel mortgage.

"There was a real estate mortgage on the property of the defendant held by the claimant, Mr. Unger, and, in consideration of the cancellation of this real estate mortgage, defendant gave a bill of sale, absolute on its face, to Unger, and Unger gave back what purported to be a lease providing that defendant should pay a certain amount each month for a period of six months, as rent of the chattels covered by the bill of sale, $500 to be paid the first month and $300 each month thereafter, payment of which was covered by notes, and, if all payments were made, at the expiration of the period and upon a further payment of $236.04. Unger was to transfer his title back to the defendant Jersey Leather Trimming Company.

"While this transaction purported, on the face of it, to be a bill of sale, I think, under the decisions, it amounted to a chattel mortgage.

"The Chattel Mortgage act covers transactions where the title, but not the possession, is transferred; the Conditional

Sales act operates upon transaction where the possession, but not the title, is transferred. *In re B. & B. Motor Sales Corp.*, 277 *Fed. Rep.* 808.

"In the present case the Leather Trimming Company had possession of the goods in the first instance and transferred their title to Unger, and Unger gave back what is called an agreement of lease, which was recorded as a chattel mortgage, which merely provided for the payment of the debt in installments. The title, not the possession, was what was transferred, and it was designed solely to secure the payment of money. The purpose of the transaction is further indicated by the fact that it replaced another mortgage on the realty, which tends to show that it was meant to be a mortgage on the chattels.

"In *Hastings* v. *Fithian*, 71 *N. J. L.* 311, it was held that a bill of sale made by K. & S. to Fithian, and a certain writing simultaneously given by Fithian to K. & S., which was an agreement by Fithian to turn over to K. & S. the net proceeds from the sales of the goods mentioned in the bill of sale, after Fithian had repaid himself advances previously or thereafter made, constituted a chattel mortgage, which was held to be invalid because not recorded. The court said:

" 'The transaction, therefore, presented all the elements that have ever been deemed necessary to constitute a mortgage, an indebtedness, a transfer of property by the debtor to the creditor to insure the payment of the debt, and a right in the debtor to have all that remains after the debt is paid. Those circumstances inevitably create a right to redeem after the debt is paid.' Citing *Shields* v. *Lozear*, 34 *N. J. L.* 496; *Crane* v. *DeCamp*, 6 *C. E. Gr.* 414; *Pace* v. *Bartles*, 2 *Dick. Ch. Rep.* 170.

"The court then distinguished the case of *Wilmerding, Hoguet & Co.* v. *Mitchell*, 42 *N. J. L.* 476 [cited by claimant in this case], saying:

" 'The instrument, claimed to be merely a mortgage, gave the creditors other rights than that of making their debt out

of the property, and for that reason was held not to be a mortgage; but no such condition exists here.'

"In that case Wilmerding, Huguet & Company were supplying raw material to J. Wade & Company, and had also advanced, from time to time, a considerable sum of money. J. Wade & Company needed money to complete the stock of raw material on hand, and executed an absolute bill of sale of all chattels to the Wilmerding-Huguet Company. The document then went on to provide that the Wilmerding-Huguet Company should continue to supply raw material, should sell the finished product, and, after deducting all outlays and charges, pay the excess, if any, to the J. Wade & Company, as full compensation for their services. The court, in that case, said:

" 'Whenever a transaction of this character resolves itself into a security for a debt it is a mortgage. The right of redemption must exist to constitute a mortgage, so that the debtor shall be entitled to a release of his property on the payment of the debt. The form of the conveyance is not a controlling circumstance, where the right of redemption is established. In this agreement, the right to redeem, upon the payment of a sum due to the plaintiff, is absent. It was a continuing agreement by the express terms of it. * * * Plaintiff could have successfully resisted any attempt of Wade & Company to take the goods off their hands by a tender of the sum found due to them upon an accounting.'

"In other words, the court held that there was something more involved than the arrangement to secure the loan of money, that there was a real, *bona fide* and continuing contract in addition, on the one side to supply raw material and sell the finished product, and upon the other to manufacture the raw material into the finished product.

"It seems to me that this case is distinguished from the case under consideration, also, because there is nothing in the so-called lease but an agreement to pay for the use of their own chattels, and a provision to redeem when the full amount was paid. See, also, *Straus* v. *Commercial Delivery Co.,* 113 *Atl. Rep.* 604; *affirmed,* 92 *N. J. Eq.* 290.

"While, as stated before, the question as to whether a transaction is, in fact, a chattel mortgage or a conditional sale, is a somewhat close one. I think the cases cited above, and the general trend of the decisions in this state, is to hold that if a transaction is, in fact, a chattel mortgage, the act requires both a verification by the affidavit of the mortgagee and a recording, and if there is a failure to comply with either of the above requirements, it may be attacked by a judgment creditor of the mortgagor, who has secured a judgment and issued execution, as in this case.

"In accordance with the above judgment for possession will be entered in favor of Hochman, the judgment creditor, and against the claimant herein."

For the reasons stated in that opinion, the judgment under review will be affirmed.