## KEYSTONE FINANCE CORPORATION v. KRUEGER.

(Circuit Court of Appeals, Third Circuit. February 23, 1927.)

No. 3491.

1. Bankruptcy ☞184(1)—Bill of sale covering automobiles, given finance company held mortgage, invalid as to dealer's creditors for noncompliance with statute, and company not entitled to reclaim cars from trustee in bankruptcy of dealer (1 Comp. St. N. J. 1910, p. 463).

Where automobile dealer borrowed money necessary to pay draft covering shipment of cars, and gave lender a trust receipt, and on being unable to repay loan when due negotiated new loan from finance company, giving it a note and a bill of sale for the cars, held, bill of sale was in legal effect mortgage, void as to creditors of dealer for noncompliance with 1 Comp. St. N. J. 1910, p. 463, and finance company was not entitled to reclaim cars from trustee in bankruptcy of dealer.

2. Chattel mortgages ☞235—Payment of debt made trust receipt securing loan on automobiles functus officio, and dealer's delivery of it to finance company making new loan was not effective assignment of it.

Where automobile dealer borrowed money to pay draft covering shipment of cars, gave lender a trust receipt, and, on being unable to pay loan when due, negotiated new loan from finance company, giving note and bill of sale on cars, and after return of trust receipt gave it also to finance company, held, trust receipt was functus officio, and its return and delivery to finance company did not constitute effective assignment thereof, placing finance company in position of original lender.

3. Chattel mortgages ☞6—Whether instrument is conditional sales agreement or chattel mortgage depends on facts and intent of parties.

Whether or not a written instrument is a conditional sales agreement or a chattel mortgage depends on the facts and intent of parties in the particular case in question.

4. Chattel mortgages ☞34—Instrument conveying title is "chattel mortgage," if by agreement it is security for payment of money, and chattel is redeemable on payment.

A written instrument may in terms convey title to a chattel, but if by oral agreement it is security for the payment of money, and the chattel may be redeemed on payment thereof, the instrument is a chattel mortgage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

In the matter of the bankruptcy of the Childs-Brown Motors, Inc.; William Krueger, receiver. From an order denying the right of the Keystone Finance Corporation to reclaim certain automobiles in possession of trustee, it appeals. Affirmed.

John L. Ridley, of Jersey City, N. J., for appellant.

Furst & Furst, of Newark, N. J. (George Furst, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the District Court denying the right of appellant to reclaim certain automobiles in the possession of the trustee in bankruptcy.

[1] The bankrupt was engaged in the automobile business at Newark, N. J. It purchased seven Marmon automobiles, which were shipped to it from the factory at Indianapolis, with bill of lading attached against sight draft. In order to secure possession of these cars, the bankrupt had to pay for them on arrival or delivery. It borrowed the money to do so from Rose Bros. & Co., which is located at 30 East Forty-Second street, New York City. To protect itself in the loan, Rose Bros. & Co. required from the bankrupt a trust receipt, wherein title to the cars was vested in it. For the purpose of storing the cars, Rose Bros. & Co. gave possession of them to the bankrupt, which agreed "to keep said motor vehicles brand new, and not to operate them for demonstrating or otherwise, and to return said motor vehicles to * * * said corporation upon demand." It further agreed "not to sell, loan, rent, deliver, mortgage, pledge, or otherwise dispose of any of said motor vehicles to any other person, ex-

cept upon written order of Rose Bros. & Co., Inc."

In due time Rose Bros. & Co. demanded payment of its loan, and the bankrupt, not having the money with which to pay, made written application to the Keystone Finance Corporation, claimant herein, for a loan. This application, among other things, contained the following:

"Application is hereby made to Keystone Finance Corporation for a credit line. * * * In order to induce the said company to extend such credit we submit herewith the following true and accurate statement of our business."

Thereupon credit was extended, and the bankrupt gave its note to the finance corporation for the amount of the loan in question and also a bill of sale for the cars. In order further to protect the finance corporation, the officers of the bankrupt company personally guaranteed payment of the note, which was renewed when it became due. On January 7, 1924, an involuntary petition in bankruptcy was filed against the bankrupt, which was adjudicated a bankrupt ten days later. The finance corporation filed a claim for the cars, which had been in the possession of the bankrupt ever since its transaction with Rose Bros. & Co.

The claimant contends that it stands in the position of Rose Bros. & Co. and succeeded to all its rights. Whatever those rights were, the first question to be determined is whether or not claimant succeeded to them. The check evidencing the loan by claimant was made payable to the bankrupt, and it, not claimant, paid Rose Bros. & Co. As above stated, the claimant took as security from the bankrupt a bill of sale of the cars, a note which was renewed at maturity, and also the personal guaranty of the officers of the bankrupt corporation. In the absence of an assignment of its rights by Rose Bros. & Co. to the claimant, these facts indicate that the claimant relied on the title of the bankrupt to the cars, and upon the financial responsibility of it and its officers, rather than upon succession to the rights of Rose Bros. & Co. Otherwise, there is no sufficient explanation of why claimant failed to take an assignment of those rights from Rose Bros. & Co., rather than the security which it did take from the bankrupt. True it is that, when Rose Bros. & Co. was paid, the trust receipt was returned to the bankrupt and was given by it to claimant, which now contends that this fact constitutes a parol assignment to it, and transferred to it the original obligation of the bankrupt to Rose Bros. & Co.

[2] We are not now called upon to pass upon the question of parol assignments. The evidence does not show that the parties contemplated a parol assignment. The mere return of the trust receipt upon payment of Rose Bros. & Co. and the delivery of it to claimant by the bankrupt, when considered in connection with the creation of a new obligation, which was evidenced by new written instruments, without any reference whatever to the trust receipt, does not constitute a parol assignment. As the referee and District Judge held, when the obligation to Rose Bros. & Co., which had kept the trust receipt alive, was paid, "the life went out of the receipt, and it became a thing dead." In other words, when the bankrupt paid Rose Bros. & Co., the transaction between them was at an end, and the obligation was extinguished. It does not avail the claimant that the debt was paid with money borrowed from it.

The note of the bankrupt and the personal guaranty of its officers do not confer upon the claimant the right to reclaim the cars. The note will support a claim against the bankrupt estate. The guaranty of the officers is a matter between them and the claimant, and is not justiciable in this case.

[3] The claimant was not a dealer in automobiles. It was not the intention of either party, bankrupt or claimant, that the transaction between them should constitute a sale of the cars. Both parties intended that the bill of sale should serve only as security for the loan so long as it remained unpaid. Whether or not a written instrument is a conditional sale agreement or chattel mortgage depends upon the facts in the particular case in question. The test does not depend upon the name which the instrument bears nor upon its express provisions, but upon the nature of the transaction and the intention of the parties. The legal effect of the instrument must be determined from the whole transaction. In re Bettman-Johnson Co. (C. C. A.) 250 F. 657; Tompkins Co. v. Monticello Cotton Oil Co. (C. C.) 137 F. 625; Herryford v. Davis, 102 U. S. 235, 26 L. Ed. 160. [4] A written instrument may in terms convey title to a chattel; but if, by oral agreement, it is security for the payment of money, and the chattel may be redeemed on the payment thereof, the instrument is a chattel mortgage. Shields v. Lozear, 34 N. J. Law, 496, 3 Am. St. Rep. 256; Wilmerding v. Mitchell, 42 N. J. Law, 476; Commonwealth Finance Corporation v. Schutt, 97 N. J. Law, 225, 116 A. 722. Admittedly the bankrupt was to redeem the cars on the payment of the loan. The bill of sale was simply security for

the loan, and in legal effect was a chattel mortgage, but as such is void against creditors of the bankrupt, because it did not have annexed thereto an affidavit made and subscribed by the mortgagee claimant, stating the consideration thereof and as nearly as possible the amount due and to grow due thereon. Compiled Statutes of New Jersey, vol. 1, p. 463; Hunt v. Ludwig, 93 N. J. Eq. 314, 116 A. 699; American Soda Fountain Co. v. Stolzenbach, 75 N. J. Law, 721, 68 A. 1078, 16 L. R. A. (N. S.) 703, 127 Am. St. Rep. 822; Shupe v. Taggart, 93 N. J. Law, 123, 107 A. 50; Milberg v. McCullough (C. C. A.) 292 F. 103; Haines v. Keating (C. C. A.) 296 F. 896.

It follows that neither on the ground of a parol assignment, nor of the bill of sale, does the claimant have the right to reclaim the cars.

The order of the District Court is affirmed.