## FINANCE & GUARANTEE CO. OF BALTIMORE, MD., v. STITT.

### In re WEST YORK MOTOR CO.

Circuit Court of Appeals, Third Circuit.
September 22, 1927.

No. 3620.

1. Bankruptcy ⚫140(½)—Leases of motorcars to bankrupt by claimant, which had neither title nor possession, held invalid and to afford no ground for reclamation.

Bankrupt, a motor company, received invoice of a shipment of automobiles, with notice that bill of lading with draft attached was at a bank. Claimant furnished bankrupt a part of the money to pay the draft, executing to bankrupt a lease for each car and taking its note for rent, with privilege of buying the car by payment of $1 in addition to the note when due. Bankrupt paid the draft, the cars were delivered to it by the carrier and placed in its salesroom and later came into possession of its trustee. Held, that the transaction with claimant was in fact a loan of money by claimant to bankrupt, with an attempt to hold the cars as security; that, since claimant never had either title to, nor possession of, the cars, its so-called leases were invalid and gave it no right to reclaim the cars from the trustee.

2. Contracts ⚫169—Courts will look behind instrument purporting to pass title to automobiles in a loan transaction, at what the parties actually did.

To determine the nature and effect of a transaction where persons are trafficking in and loaning money on automobiles and are executing papers giving a similitude of passing title, courts will look through the screen of paper title at what the parties actually did and consider all the facts of the transaction.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Albert W. Johnson, Judge.

In the matter of the West York Motor Company, bankrupt; Harry C. Stitt, trustee. The Finance & Guarantee Company of Baltimore, Md., appeals from a decree denying it the right to reclaim property. Affirmed.

For opinion below, see 17 F.(2d) 276.

James G. Glessner, of York, Pa., J. H. Jacobs, of Reading, Pa., E. S. Stockbridge, of Baltimore, Md., and Milton P. Kupfer, of New York City, for appellant.

Allen C. Wiest and John A. Hoober, both of York, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court holding that the appellant was liable on its bond given as security for the release to it of sixteen automobiles.

[1] The Chrysler Sales Corporation of Detroit, Mich., or the Chrysler Motorcar Company, which is the same as the sales corporation, shipped sixteen automobiles in its own name, consigned to itself, to York, Pa. It sent the invoice of the shipment to the West York Motor Company of York, Pa., hereinafter called the motor company, and the bill of lading indorsed in blank with sight draft attached to the Industrial National Bank of West York, with directions to notify the motor company. The president of the motor company took the invoices to the Finance & Guarantee Company of Baltimore, Md., hereinafter called the finance company, and applied for a loan for the motor company in order to finance the purchase of the automobiles. He turned over to the finance company the invoice, together with a check of the motor company for 20 per cent. of the purchase price and its note for the balance. Thereupon the finance company drew its check to the order of the Industrial National Bank and gave it to the president of the motor company and also papers called leases, one for each of the automobiles for 90 days, wherein it was provided that title to the automobile should not vest in the lessee motor company and that the note was "given and accepted merely as evidence of the rentals reserved and to be paid hereunder, and not as payment of such rentals." If the lessee wished to purchase the automobile at the expiration of the term of the lease, it could do so by the payment of $1 in addition to the rentals provided in the lease.

He delivered the check to the treasurer of his company, who in turn gave it to the Industrial National Bank, received the bills of lading from the bank, took them to the railroad company, paid the freight, received the automobiles, and placed them in the showrooms of the motor company.

In less than one month thereafter, the motor company was adjudicated a bankrupt, and its trustee on his election took possession of the automobiles and claims title to them as part of the assets of the bankrupt estate. The finance company claims title to them by virtue of the leases, and began reclamation proceedings for them.

The finance company and the trustee filed a joint petition in the District Court, in which they alleged that the value of the automobiles was $12,400, that they would depreciate in value unless disposed of, and prayed the court to release them to the finance company upon its filing a bond in court with approved security, which was to be "substituted for and stand in lieu of said automobiles, awaiting the final determination of said litigation." The bond for $12,400 was filed, and the automobiles were released to the finance company.

Considerable testimony was taken in the reclamation proceedings before the referee in bankruptcy, who denied the prayer of the petition. The findings and conclusions of the referee were brought for review to the District Court, which affirmed them. The decree is here on appeal from the District Court.

As stated by the learned District Judge, the question which is decisive of this case is whether or not the finance company had such title to the automobiles at the time it executed the leases as empowered it to lease them to the motor company. It did not have possession, and it does not seem to us to have had title, for at that time the draft had not been paid, and the title still remained in the Chrysler Company, where it had always been. The motor company was always liable for the purchase price, rentals, or by whatever name called, of the automobiles for every lease, provided that "the loss, injury, or destruction of such motor vehicle shall not release the lessee from payments of the rentals hereby reserved."

[2] This transaction was actually and in effect a loan, and the fact that it was called by some other name does not change the facts or effect of the whole transaction. In order to determine the nature and effect of a transaction where persons are trafficking in and loaning money on automobiles and are executing papers giving a similitude of pass-

ing title, courts will look through the screen of paper title at what the parties actually did, and consider all the facts of the transaction. Renninger v. Spatz, 128 Pa. 524, 18 A. 405, 15 Am. St. Rep. 692; McCullough v. Willey, 200 Pa. 168, 49 A. 944; White v. Gunn, 205 Pa. 229, 54 A. 901; Hunter Construction Co. v. Lyons, 233 Pa. 566, 82 A. 761; Root v. Republic Acceptance Corporation, 279 Pa. 55, 123 A. 650; Truck Tractor & Forwarding Co. v. Baker, 281 Pa. 145, 126 A. 239; Keystone Finance Corp. v. William Krueger, Receiver, etc. (C. C. A.) 17 F.(2d) 904; Herryford v. Davis, 102 U. S. 235, 26 L. Ed. 160.

It was intended by the parties that the motor company should and would sell these automobiles. Its business was the sale of automobiles. The business of the finance corporation was to finance companies engaged in the sale of automobiles. The draft was actually paid with money furnished in part but not wholly by the motor company. The motor company did not transfer the bills of lading, which were negotiable and symbols of property. When properly indorsed, the delivery of them was in effect delivery of the property itself. Mitchell v. Baker, 208 Pa. 377, 57 A. 760. It is evident from the whole transaction that the finance company, at the time it purported to give the lease, did not have title to the automobiles, and so could not give a valid lease.

A trustee, as to all property in the custody or coming into the custody of the bankruptcy court, is vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. The trustee in this case has title to the automobiles or the bond which stands in lieu thereof.

The decree of the District Court is therefore affirmed.