384

## Lehman v. Souders.

*J. M. Goodyear*, for plaintiff; *J. Freed Martin*, for claimant.

BIDDLE, P. J., July 30, 1929.—This is a case stated between Charles Lehman and Guy B. Elliott to determine the right to $35.06 in the hands of the sheriff, resulting from the sale of the tenant's share of the wheat crop grown on a farm belonging to Margaret J. Moser. From the averments of the case stated, it appears that Charles Souders, the execution defendant, was a tenant on the farm of Margaret J. Moser in Monroe Township; that in the fall of 1927 he sowed the crop of wheat which was harvested in the summer of 1928 by the succeeding tenant; that on Feb. 2, 1928, Souders executed and delivered to Charles Lehman a note for $95, upon which judgment to the above number and term was entered May 12, 1928. On March 10, 1928, Charles Souders executed and delivered to Guy B. Elliott a bill of sale covering his interest in the wheat crop on the said farm. Charles Souders surrendered possession of the Moser farm on April 1, 1928. On June 9, 1928, after the issuance of the *fi. fa.*, Guy B. Elliott filed with the sheriff of this county a property claim for Souders's interest in the wheat crop which Elliott claimed by virtue of the above-mentioned bill of sale. So far as appears from the case stated, this was the first time that Elliott claimed or notified any one of his alleged ownership of Souders's interest in the wheat crop. By agreement of the parties, the sheriff sold the interest of Souders in the said crop of wheat, and, after payment of the writ costs and what was admittedly a prior claim of the landlord, there remained in the sheriff's hands the sum of $35.06, which sum is claimed both by Lehman, the execution creditor, and by Elliott, the vendee of Souders.

While it is not alleged that there was any actual fraud in the sale by Souders to Elliott, yet the execution creditor, Lehman, claims that there was no transfer of possession from Souders to Elliott sufficient to defeat the claim of an execution creditor; and it is upon this basis that the execution creditor claims that the balance in the hands of the sheriff should be paid to him instead of to Elliott.

As we cannot find any facts except those agreed upon by the parties, we have before us nothing to sustain the claim of Elliott to the goods in question except the admitted facts that he received the bill of sale for this property from Souders and that he paid a valuable consideration for what was so sold to him. As between Souders and Elliott, there would be no question that Elliott would be entitled to this money, the proceeds of the property, in preference to Souders, but a different situation arises as against an execution creditor of Souders without notice of the prior sale; and, as there is no averment of any notice whatever to Lehman, we cannot find that he had either knowledge or notice of this prior claim of Elliott's, nor can we find that Elliott ever had possession of Souders's interest in the wheat crop or made any claim to it, as far as any other person was concerned, until June 9, 1928, some time after the present execution had issued and the levy had been made.

The rule is well settled in this State that delivery of possession is indispensable to transfer a title to personal property, by act of the owner, that shall be valid against creditors: Clow v. Woods, 5 S. & R. 275; Barlow v. Fox, 203 Pa. 114.

"But it often happens that the subject of the sale is not reasonably capable of an actual delivery, and then a constructive delivery will be sufficient. . . . In such cases it is only necessary that the vendee should assume the control of the subject so as reasonably to indicate to all concerned the fact of the change of ownership. Where nothing of the kind has taken place, it is the duty of the court to pronounce a mere symbolical delivery to be insufficient:" McKibbin v. Martin, 64 Pa. 352, 357; Hunter Construction Co. v. Lyons, 233 Pa. 561.

As we view it, the instant case is one of the latter sort. The property sold to Elliott was of the sort of which actual possession could not be taken at the time, but this fact did not relieve Elliott from the duty of giving notice of his ownership in the best manner possible, and it does not appear that he did anything whatever; and, under the authorities above quoted, it, therefore, becomes our duty to pronounce that the symbolical delivery to him by the delivery of the bill of sale was insufficient to defeat the claim of a *bona fide* execution creditor.

And now, July 30, 1929, in accordance with the stipulation of the case stated, it is directed that judgment shall be entered on the case stated in favor of Charles Lehman in the sum of $35.06; and it is further directed that the costs of this case stated shall be paid out of the fund awarded to the said Charles Lehman.

From Francis B. Sellers, Carlisle, Pa.