GENERAL CONTRACT PURCHASE CORPORATION, PLAINTIFF-APPELLANT, v. BICKERT ET AL., DEFENDANTS-APPELLEES.

Argued May 3, 1932—Decided August 4, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-appellant, *Roray & Turnbull.*

For the defendants-respondents, *W. Louis Bossle.*

Per Curiam.

This is an appeal from a judgment of the District Court of the city of Camden involving a replevin action to recover the possession of two oil burners valued at $186. The burners were manufactured by the Dallin Oil Burners Sales Company, sold to the General Contract Purchase Corporation and delivered to Litchfield Utilities Company, a distributor or dealer, which company executed a trust receipt in favor of the General Contract Purchase Corporation agreeing to keep said property for the General Contract Purchase Corporation and not to rent, mortgage, encumber or sell the property unless the amount advanced by the General Contract Purchase Corporation be paid out of the sales price. This trust receipt was filed in the office of the register of deeds of Camden county as a conditional sales agreement.

Now the distributor, Litchfield Utilities Company, was a tenant in the building of the Broadbank Corporation and the defendant Bickert was its real estate agent. The tenant, Litchfield Utilities Company, didn't pay rent for three months and, consequently, was $180 in arrears. The said Bickert, as agent of the landlord, distrained upon the two oil burners which are the subject-matter of this suit and at the sale had upon said distraint, purchased the property for the sum of $50. Plaintiff below replevied these burners and the defendant did not re-replevy. Judgment was given in favor of the defendant in the sum of $186 and costs. Plaintiff appeals.

The first ground of appeal is that the court erred in its determination that the trust receipt given by the distributor, Litchfield Utilities Company, to the General Contract Purchase Corporation was in effect a chattel mortgage and therefore void as against Bickert. We cannot agree with this reasoning for reversal. The instrument in question was recorded as a conditional sales agreement, though essentially it was a chattel mortgage. There is no consideration mentioned and it is therefore void as against creditors of Litchfield Utilities Corporation. *Cf. Commonwealth Finance Corp.* v. *Schutt,* 97 *N. J. L.* 225; 116 *Atl. Rep.* 722. In that case it was held that where an owner sends his goods to

be sold by a distributor upon condition that if and when sold, the distributor will pay over to him the proceeds of the sale and the agent makes sale and does not pay over to the owner the proceeds, the owner is estopped to deny the validity of that sale. The principle of law laid down in that case applies to and is dispositive of the appellant's contention. See, also, *Karkuff* v. *Mutual Insurance Co.,* 108 *N. J. Eq.* 128; 148 *Atl. Rep.* 160, and *Unger* v. *Hochman,* 4 *N. J. Mis. R.* 445; 133 *Atl. Rep.* 180.

Certainly the creditor of the distributor was no party to the contract between the distributor and the appellant here. He had no legal notice of such relationship except the filing of the trust receipt and that instrument being in fact and in essence a chattel mortgage comes with the rule governing instruments of that character, and there being no consideration set out in that instrument it is void as against such creditor. *Karkuff* v. *Mutual Insurance Co., supra.*

The second ground of appeal is that the court had no right to enter a judgment for a sum certain in money but rather should award the defendant a return of the goods since the court found in favor of the defendant. As we read the agreed state of facts this point seems to us to be a distinction without a difference. In the first place, the value of the chattels in question has been stipulated. In furtherance of this argument the appellant says that the procedure outlined by the one hundred and thirty-seventh section of the District Court act was not followed; that there was no five days' notice given for the purpose of inquiry as to the value of the chattels. The point is not well taken for the reason that the value being agreed upon the necessity for the inquiry was eliminated.

We see no force in the further point made in substantiation of the argument that Bickert had no such title as would entitle him to a money judgment. He had distrained for rent; there was a sale under his distraint; he was the purchaser at the sale and as such acquired a clear, legal title such as entitled him to the judgment recovered below.

The judgment of the District Court is affirmed.